## McKeal *v.* Freeman.

APPEAL from the *Jennings* Circuit Court.

Ray, J.—This was an action of replevin, brought before a justice of the peace. An appeal was taken to the Circuit Court, and on the trial of the cause the jury returned a general finding for the defendant. The court, over the exception of the plaintiff, rendered judgment for the return of the property. The question presented is whether such a finding will support the judgment.

It may be, where the defendant has limited his answer to a plea of property in himself, that a general finding for the defendant would authorize a judgment for the return of the property. But where, as in the case under consideration, the denial puts in issue the title of the plaintiff, as well as the taking and detention of the property by the defendant, an affirmative finding can only authorize a judgment on these issues. *Tardy* v. *Howard*, 12 Ind. 404.

The record in this case contains only the complaint, and there is no evidence of any bond having been given which could have authorized the delivery of the property to the plaintiff. The property then, it must be presumed, remained in the possession of the defendant, and a finding in his favor could not authorize a judgment for its return.

The jury may have intended by their finding to determine that the plaintiff had no ownership in, or was not entitled to the present possession of, the property in question; or that the defendant did not detain the same from the possession of the plaintiff. Or it may be that the plaintiff had, in this action, obtained a delivery of the property into his possession, and that the jury intended, as the court seemed to understand, that a return of the property should be ordered. If the court was correct in this view of the verdict of the jury, the record is defective in failing to show that such possession of the property was ever had by the plaintiff in this proceeding.

In our opinion the verdict, under the issues in this case, is void for uncertainty, and should have been set aside and a new trial granted.

The judgment is reversed, at the costs of the appellee, and a new trial ordered.

*Vawter* and *Read,* for appellant.