## VANSCHOIACK and Others *v.* FARROW.

JURISDICTION.—Where the court before which a cause was tried had jurisdiction of the subject matter of the suit, and the parties appeared and submitted without objection to the jurisdiction over their persons, an objection to the jurisdiction will not be heard on appeal.

PLEADING.—WRITTEN INSTRUMENT.—It is only where a written instrument is the foundation of a pleading, that the original, or a copy, must be filed with the pleading. Writings which are only evidence of the matter pleaded need not be filed.

JURY.—CHALLENGES ON APPEAL FROM JUSTICE.—Section 67 of the justices' act, (2 G. & H., 596,) which provides that cases appealed from justices of the peace shall be tried under the same rules and regulations prescribed for trials before justices, cannot be construed to give four peremptory challenges on appeal, as provided by section 52 of the justices' act, instead of three, as provided by the code.

SAME.—Perhaps if section 67 were limited in its application to the pleadings, and the evidence to be introduced under the issues, the spirit of the section would be carried out.

APPEAL from the *Putnam* Common Pleas.

RAY, J.—*Farrow* filed his complaint before *Wilson*, a justice of the peace, against the appellants to try the right of property in a mare, taken under a writ of attachment as the property of one *Hathaway*. The complaint alleged that the mare was the property of *Farrow*, by virtue of a mortgage filed therewith. The parties appeared on the day of the trial, and the justice, being a brother of one of the appellants, of his own motion, transferred the cause to one justice *Seaton*, in the same township. The parties appeared before justice *Seaton* at the time fixed for trial, and the appellee filed a second paragraph of his complaint, alleging that when he sold the mare in controversy to *Hathaway*, it was agreed between them that if *Hathaway* should not be able to pay the note for the purchase money when it should become due, *Farrow* was to have the right to take back the mare, and, in the mean time, *Hathaway* was to have the right to give the mare up to the appellee at any time he found he would not be able to pay for her, and that *Hathaway*

did, in *March* previous, request him to take back said mare; and that he was entitled to the possession of the mare at the time the suit was commenced. This paragraph was not sworn to. No objection being made to his jurisdiction, the justice proceeded to try the cause, and rendered judgment for the appellee. The appellants, after filing a motion for a new trial, took an appeal to the Court of Common Pleas. In that court, they moved to dismiss the cause for the following reasons: 1st. That the justice who tried the cause had no jurisdiction of the same. 2d. That the complaint was insufficient. The motion was overruled, and the appellee was permitted to swear to the second paragraph of his complaint, and the appellants excepted. The appellants claimed the right to challenge, peremptorily, four jurors, which the court refused, and they excepted. On the trial, the court instructed the jury as follows: " Before the plaintiff, (appellee,) can recover in this action, you must be satisfied that there was a conditional sale of the mare in controversy, and that the attaching creditors had knowledge of the conditional sale. If the attaching creditors were ignorant of the conditional sale, then and in that case the defendant must recover." To which the appellants excepted.

The appellants asked the following instructions, which the court refused to give, and they excepted: 1. "If the plaintiff took an unconditional note for the purchase money of the mare in controversy, he is not bound by any parol conditions made at the time the note was given, and may collect the note in full. 2. The taking of a mortgage at a time subsequent to the sale of the mare, to secure the note given for the price, is a relinquishment of the conditions of the sale, and of any lien created by such conditions." '

Verdict for the appellee. Motion for a new trial overruled, and judgment on the verdict. The evidence is contained in the record.

This case presents the following questions: 1st. Did the court err in overruling the appellants' motion to dismiss the

case? 2d. Had the appellants the right to challenge peremptorily more than three jurors? 3d. Did the court err in instructing the jury? 4th. Did the court err in refusing to give the instructions asked by the appellants? 5th. Is the verdict sustained by the evidence?

The first error assigned, that the justice had no jurisdiction of the case, has been disposed of by the ruling in the case of *Cox* v. *Pruitt, ante* p. 90. Where the court has jurisdiction of the subject matter, and the parties appear and submit to the jurisdiction, they cannot present that question upon appeal. The complaint alleging that the plaintiff was entitled to the possession of the personal property was sufficient, without making the mortgage, which was the evidence of his right, a part of the pleading. He did not ask the court to give him the right to the possession of the property by a decree, but he asserted a right already existing, and introduced the mortgage as evidence thereof.

The fact that a second paragraph of the complaint was not sworn to, furnished no ground for a dismissal of the case in the Common Pleas Court upon motion, and before trial, when the first paragraph was sufficient as a pleading.

The 67th section of the justice act, 2 G. & H., p. 596, which directs that cases appealed from the justice shall be "tried under the same rules and regulations prescribed for trials before justices," must receive a reasonable construction. Thus, its literal application to section 51 of the same act would require the jury who try the case on appeal to be composed of "twelve qualified voters of the township, to be summoned by a constable, by *venire* issued by the justice." This clearly was not the intent of the statute, nor are we disposed to construe the next section as giving the parties, in the trial upon appeal, any greater number of peremptory challenges than are allowed to the parties by the law in the court where the trial is had. Perhaps, if the 67th section were limited in its application to the pleadings, and the evi-

dence to be introduced under the issues, the spirit of the section would be carried out.

The instruction given by the court was, in our opinion, as favorable for the appellants as they were entitled to. The instructions asked by the appellants were not applicable, as the jury were authorized to find from the 2d paragraph of the complaint, and from the evidence, that the purchaser, with the assent of the vendor, had taken advantage of the condition and avoided the sale, and therefore the question for the jury was not whether the parties might, in law, have enforced the condition, but rather whether they had not already in fact done so, before the commencement of the suit; for if the appellants had knowledge of the conditional sale, they could not prevent the parties from complying with the terms of the contract by their attachment proceedings.

We cannot disturb the' judgment upon the question of the sufficiency of the evidence to sustain the finding, as the election of the vendee to return the horse, and the claim of title by the vendor, would authorize the verdict.

The judgment is affirmed, with costs.

*D. E. Williamson* and *A. Daggy,* for appellants.

*R. L. Hathaway*, for appellee.