*J. T. Dye* and *A. C. Harris,* for appellee.

———————o———————

KERSCHNER *v.* CULLEN.

JURY.—CHALLENGE.—The provision of the justices act, allowing each party to challenge peremptorily half the jury, does not apply to the trial of a cause in the Circuit or Common Pleas Court, on appeal from a justice.

APPEAL from the *Clay* Common Pleas.

GREGORY, J.—*Kerschner* sued *Cullen* before a justice of the peace. The case was tried on appeal, in the court below,

by a jury. The appellant, at the proper time, after having peremptorily challenged three jurors, claimed the right to challenge a juror without cause. The court refused to allow the challenge, to which the appellant excepted. Verdict for the defendant. Motion for a new trial overruled, and judgment.

It is claimed that the court erred in refusing to allow the challenge. The act concerning justices of the peace provides that "the issues of fact shall be tried by the justice, unless either party demands a jury, which jury shall consist of twelve qualified voters of the township, to be summoned by a constable by venire issued by the justice," &c. "Either party may challenge for cause, or may peremptorily challenge half the jury." 2 G. & H., §§ 51, 52, p. 591. That act further provides, that on appeal "such cause shall stand for trial in the Court of Common Pleas or Circuit Court, whenever such transcript has been filed ten days before the first day of the term thereof, and be then tried under the same rules and regulations prescribed for trials before justices, and amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order." 2 G. & H., § 67, p. 596.

The act of *March* 1, 1853, provides the manner of selecting petit jurors for the Common Pleas Courts. 2 G. & H., § 1, p. 32. The code provides that "in all cases where the jury consists of six or more persons, each party shall have three peremptory challenges. If the jury consists of a less number than six, each party shall have two peremptory challenges." 2 G. & H., § 313, pp. 193, 194.

The selection and empanneling of jurors in the Common Pleas Courts must be governed by the statute relating to such courts. The jury is a part of the court, and the manner of selection and empanneling, in the very nature of things, must depend upon the rules and regulations pertaining thereto. The provision in the justice's act, that the case on appeal must be "tried under the same rules and regulations prescribed for trials before justices," does not,

in our opinion, relate to the organization of any part of the court, but to the trial in the legal sense of that term. See *Vanschoiack et al.* v. *Farrow,* 25 Ind. 310. The court below committed no error in overruling the appellant's motion for a new trial.

The judgment is affirmed, with costs.

*J. E. McDonald, A. L. Roache, D. Sheeks,* and *A. T. Rose,* for appellant.

*D. E. Williamson* and *W. W. Carter,* for appellee.