## F. C. ANDERSON v. JAMES C. PENNIE.

A TRIAL.—A trial is the examination before a competent tribunal, according to the law of the land, of the facts or a question of law put in issue in a cause, for the purpose of determining such issue.

FEES OF JUSTICE IN SAN FRANCISCO.—Where no trial of an action is had, or entered upon, a Justice of the Peace in San Francisco can charge only two dollars for all services rendered, including the entry of a judgment of discontinuance.

IDEM.—If the plaintiff, after the summons is served, and on the return day, without any other proceedings, directs the Justice to enter a judgment of discontinuance, no trial is had or entered upon.

WRIT OF MANDATE TO JUSTICE.—A writ of mandate will issue to compel a Justice of the Peace to enter a judgment of discontinuance.

APPLICATION to the Supreme Court for a writ of mandate.

The facts are stated in the opinion of the Court.

*F. C. Anderson*, in *pro per.*, for the Writ.

*James C. Pennie*, in *pro per.*, Contra.

By the Court, SHAFTER, J.:

Mandamus. The complaint alleges that the defendant is the Justice of the Peace of the Third Township of the City and County of San Francisco. That on the 4th of March, 1867, one James G. Gould commenced an action in said Justice's Court against the relator herein, to recover the sum of eighty-seven dollars and costs of suit. That summons was issued, served, and returned, and that on the return day the plaintiff in said action filed with the said Justice the following order :

" In the Justice's Court of the Third Township in and for the City and County of San Francisco :

" JAMES G. GOULD v. F. C. ANDERSON.—Entry of judgment on discontinuance.

" James C. Pennie, Esq., Justice of the Peace, Third Township, in and for the City and County of San Francisco—Sir : Please enter judgment of discontinuance and satisfaction in the above entitled case.

" Yours respectfully,

" BUCHAN & WADE,

" Attorneys for Plaintiff.

" San Francisco, March 16th, 1867."

That thereupon the relator, defendant in said action, requested the defendant herein to enter a judgment according to the said order, with which request the defendant refused to comply, unless the relator, or the plaintiff in said action, should pay him the sum of three dollars as. his fees for the entry of said judgment ; and the said defendant still neglects and refuses to enter the said judgment, except upon compliance with the said unlawful demand. It is further alleged that all the fees due in said action, to wit, the sum of two dollars for

all services required to be performed by the defendant before trial, have been paid to him, and that no other fees are due.

A peremptory mandate is prayed for, directing the defendant to enter the judgment named in the order of Gould. The case has been submitted as on demurrer to the complaint.

The question raised turns upon the construction to be given the fifth section of "An Act to regulate fees in the City and County of San Francisco," approved February 6th, 1866. (Acts of 1865–6, p. 66.) The section is as follows: "The Justices of the Peace, severally, shall be allowed, in any action before them, for all services of every kind whatsoever required to be performed by them before the trial in such action, two dollars; and for the trial and all proceedings subsequent thereto, including all affidavits, swearing witnesses and jury, and the entry of all judgments therein, three dollars; and under no pretext whatever shall said Justices in any one action be authorized or legally entitled to ask, demand or receive any other or further fee or charge, except for copies of papers on appeal, as hereinafter provided."

For the purpose of settling the fees of Justices of the Peace— the subject matter to which this section relates—actions are distinguished by it into two classes: first, those in which a trial has been had, and second, those in which a trial has not been had. Counsel differ as to what constitutes a trial within the meaning of the section. In our judgment there is no reason for believing that the word is used in a sense differing from the definition universally given to it by law writers, viz: the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue. Assuming this definition, we proceed with the argument. In the first class of actions named, that is, actions in which a trial has been had, it will be observed that the interval between the beginning and the ending of the action is divided into two periods; the first reaching from the commencement of the action inclusive, to the trial; the second extending from the trial to the judgment; that is, from the inception of the trial to the perfecting

of the judgment. The amount of judicial service performed during these respective periods will vary with the circumstances of each particular case; but how great soever these variations may be, matters not; for the compensation has respect to stages of service, rather than to its quality or amount. In this class of actions there is only one thing the presence of which is always essential, and that is, the fact of trial—the inception of which divides the two periods from each other. For the first period the fee is two dollars, which pays for all the service which the period necessarily involves or may chance to involve. For the second period the fee is three dollars, involving nothing necessarily, in our judgment, except a trial commenced; but should the trial be a full one, then involving it with all its incidents and the judgment entered upon the verdict or other decision.

As to the second class of cases contemplated by the section under consideration, that is, cases where there has been no trial, the rule of the section is, that " under no pretext whatever shall said Justices in any one action be authorized or legally entitled to ask, demand or receive any other or further fee or charge, except for copies of papers on appeal as hereinafter provided." This negative provision is one of the features that distinguish the Act of 1866 from the Act of April 22, 1858. (Statutes 1858, p. 231.) By the sixth section of that Act it is provided that " Justices of the Peace severally shall be allowed in any action before them, for all services required to be performed by them before trial, two dollars. For the trial and subsequent proceedings, including all affidavits, swearing witnesses and jury, and the entry of a final judgment, three dollars." The negative provision referred to must have been purposeless, or else it was added to the section as reproduced in 1866, for the purpose of making it still more manifest that the fee of three dollars could not be claimed except in cases where a trial had either been had or attempted. We say " attempted," for the reason that a Justice is not bound to enter upon the trial of a case except on a payment or tender of the prescribed fee of three dollars. Fur-

ther, if the right to the three dollars does not depend upon the fact of trial, fees to the amount of five dollars may be claimed in all cases; but if that was the intention of the Legislature why was not that sum stated in gross? Why divide it into sums of two and three dollars? and, above all, why make the two dollars payable for services before the happening of an event, and the three dollars payable after the happening of the same event, when the event in a large majority of cases would not be likely to happen at all?

It is ordered that a peremptory mandamus issue according to the prayer of the complaint.