Castle *v.* House.

---

## CASTLE *v.* HOUSE.

COSTS.—*Justice of the Peace.*—*Judgment.*—*Appeal.*—Section 398, 2 G. & H. 227, providing, that in all actions for damages solely, not arising out of contract, if the plaintiff does not recover five dollars, he shall recover no more costs than damages, does not apply to cases appealed from a justice of the peace; but in such cases costs follow judgment under, and with the exceptions found in, section 70, 2 G. & H. 597.

SAME.—If, in an action of trespass *quare clausum fregit*, before a justice of the peace, a judgment is recovered by the defendant, from which the plaintiff appeals to the circuit court, and there recovers a judgment for less than five dollars, the general rule prevails, that costs follow the judgment, and he also recovers costs.

APPEAL from the Warrick Circuit Court.

DOWNEY, J.—The appellant sued the appellee before a justice for trespass *quare clausum fregit*, and was beaten. He appealed to the circuit court, where he recovered judgment for two dollars damages. The court, referring to section 398, 2 G. & H. 227, allowed him to recover no more costs than damages. That section provides, that, "in all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injury to

character and false imprisonment, and where the title to real estate comes in question."

Counsel for appellant contend that the case is not governed by this section, but by section 70 of the justices' act, 2 G. & H. 597. This section provides, that "costs shall follow judgment in the court of common pleas, or circuit court on appeals, with the following exceptions: First. If either party, against whom judgment has been rendered, appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the court of common pleas or circuit court, when the appellant appeared before the justice. Second. If either party, in whose favor judgment has been rendered, appeal and do not recover at least five dollars more than he recovered before the justice, the appellee shall recover his costs in the court of common pleas or circuit court."

We think section 398 was intended, and should be held, to apply to cases commenced in the common pleas or circuit court, and not to cases appealed to these courts from a justice of the peace. The object was, no doubt, to prevent or discourage the commencement of suits for trifling wrongs in those courts. Entertaining this view, it would seem to follow that in actions for such wrongs, before a justice of the peace, or on appeal to the common pleas or circuit court, the general rule prevails, that the costs follow the judgment, with the exceptions found in section 70. Such we understand to be the ruling of this court in *Brown* v. *Snavely*, 24 Ind. 270.

The judgment relating to the costs is reversed, with costs, and the cause remanded, with directions to render judgment for full costs against the defendant below.

*J. S. Moore*, and *C. S. Denny*, for appellant.

*W. J. Keith*, for appellee.