## BROWN *v.* DUKE.

COSTS.—*Appeal From Justice of the Peace.*—Where an action for taking and converting personal property has been tried before a justice of the peace, and has been appealed to the circuit court by the defendant, and it is there tried, and the judgment is reduced more than five dollars, if the defendant appeared before the justice, he is entitled to recover his costs in the circuit court.

From the Morgan Circuit Court.

Brown *v.* Duke.

*W. R. Harrison* and *W. S. Shirley,* for appellant.
*C. F. McNutt* and *G. W. Grubbs,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant.

It is alleged in the complaint that the defendant did, on, etc., unlawfully take from the plaintiff and out of the plaintiff's possession eleven hundred fencing rails of the value of twenty-two dollars, and unlawfully convert said rails to defendant's own use. The action was commenced before a justice of the peace, where judgment was rendered in favor of the plaintiff for seven dollars and costs. The defendant appealed to the circuit court, where judgment was rendered in favor of the plaintiff for one cent damages. The defendant thereupon moved the court to tax the costs in the circuit court against the plaintiff, for the reason that the judgment of the court below was reduced more than five dollars. The court overruled this motion, for the reason that the title to real estate was in question, to which ruling the defendant excepted. The court thereupon rendered judgment for full costs in favor of the plaintiff. This ruling of the court is assigned as error. Counsel for appellant rely upon section 70, p. 597, 2 G. & H., which is as follows: "Costs shall follow judgment," etc., "on appeals with the following exceptions: 1st. If either party against whom judgment has been rendered, appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the court of common pleas, or circuit court, when the appellant appeared before the justice," etc. The court seems to have been governed by sec. 396, p. 225, 2 G. & H., which provides, that "in all civil actions the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law;" and sec. 398, p. 227, 2 G. & H., which provides, that "in all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false

imprisonment, and where the title to real estate comes in question."

In our opinion, the ruling of the court cannot be sustained. The object of the section of the statute first quoted was to discourage appeals from justices of the peace to the higher courts where the judgment of the justice of the peace was correct or nearly correct in amount. Whether the title to real estate came in question or not on the trial in the circuit court, could not, in this case, affect the question as to the right to costs. The defendant having appeared before the justice of the peace, and, having on appeal reduced the judgment more than five dollars, was entitled to recover his costs in the circuit court. *Castle* v. *House*, 41 Ind. 333.

The judgment, as to costs, is reversed, with costs, and the cause remanded, with instructions to render judgment in favor of the plaintiff for the one cent damages and his costs before the justice of the peace, and in favor of the defendant for his costs in the circuit court.