Polk v. Nickens.

---

## POLK v. NICKENS.

COSTS.—*Replevin.*—*Reducing Justice's Judgment, in Circuit Court.*—In an action before a justice of the peace, to replevy certain chattels, part only of which were found by the constable, judgment was rendered for the plaintiff for possession of the chattels found, and for ten dollars damages for those not found and for the unlawful detention. On appeal to the circuit court there was a verdict that the plaintiff was entitled to possession, that the chattels found were worth six dollars, and that those not found were worth four dollars. Judgment on the verdict, and for costs.

*Held,* that the defendant was entitled to recover his costs in the circuit court, he having appeared before the justice.

From the Warrick Circuit Court.

*I. S. Moore, J. C. Denny* and *C. S. Denny,* for appellant.

HOWK, C. J.—In this action, the appellee sued the appellant, before a justice of the peace of Warrick county.

In his verified complaint, the appellee alleged, that he was the owner and entitled to the possession of " one white she hog and eight sucking pigs," of the value of eighteen dollars, of which the appellant had possession without right and unlawfully detained the same from the appellee, and that said property had not been taken by virtue of any execution or other writ against the appellee; wherefore, etc.

Before the justice, the appellant appeared to the appel-

lee's action, and on the trial of the cause the justice rendered judgment, that the " she hog" belonged to the appellee, and that he retain the same for his own benefit, and that he recover of the appellant the sum of eight dollars for said eight pigs, which the constable failed to find, and two dollars damages for the detention of said property, and the costs of suit.

On appeal, the cause was tried by a jury in the circuit court, and a verdict was returned, as follows:

"We, the jury, find for the plaintiff, and that he is the owner and entitled to the possession of the sow and eight pigs, in the complaint mentioned, and that the sow is of the value of six dollars, and that the eight pigs are of the value of four dollars."

Thereupon the appellant moved the court to tax the costs in the circuit court to the appellee, " on the ground and for the reason " that the appellee's recovery in the justice's court had been reduced more than five dollars in the circuit court, which motion was overruled, and to this decision the appellant excepted and filed his bill of exceptions. The court then rendered judgment on the verdict, and in favor of the appellee, for the entire costs of suit, and to the entry of judgment taxing him, the appellant, with the costs in the circuit court, he objected and excepted, and appealed from said judgment to this court.

Errors have been assigned by the appellant in this court, which call in question the decisions of the circuit court, in overruling his motion to tax the costs in that court against the appellee, and in rendering judgment for those costs against the appellant.

In section 70 of the act defining the jurisdiction, powers and duties of justices of the peace in civil cases, approved June 9th, 1852, it is provided as follows:

" Sec. 70. Costs shall follow judgment in the court of common pleas, or circuit court, on appeals with the following exceptions:

" *First.* If either party against whom judgment has been rendered, appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the court of common pleas, or circuit court, when the appellant appeared before the justice." 2 R. S. 1876, p. 627.

It will be seen from our statement of this case, that "the appellant appeared before the justice," and that, on his appeal to the circuit court, he reduced the justice's judgment against him six dollars. By the letter of the statute, therefore, the appellant ought to have recovered his costs in the circuit court. We know of no legal grounds, on which the decisons of the circuit court, in overruling the appellant's motion to tax the costs of that court against the appellee, and in rendering judgment for said costs in favor of the appellee and against the appellant, can be sustained. These decisions of the circuit court were clearly erroneous. *Robinson* v. *Skipworth*, 23 Ind. 311; *Crist* v. *Glidewell*, 25 Ind. 396; *Castle* v. *House*, 41 Ind. 333; and *Brown* v. *Duke*, 46 Ind. 343.

The judgment as to the costs is reversed, at the appellee's costs, and the cause is remanded with instructions to render judgment, in favor of the appellee, for the amount of the verdict and interest, and his costs before the justice of the peace, and in favor of the appellant for his costs in the circuit court.