No. 9725.

## BRUNK ET AL. *v.* CHAMP ET AL.

REPLEVIN.— *Verdict.—Sheriff.—Execution.*—In an action of replevin against a sheriff and execution plaintiffs for property levied on by virtue of an execution, a verdict for the defendants generally, as to part of the property, is not contrary to law.

From the Howard Circuit Court.

*N. R. Linsday, J. W. Kern* and *T. A. DeLand,* for appellants.
*J. C. Blacklidge* and *W. E. Blacklidge,* for appellees.

FRANKLIN, C.—Appellants sued appellees, in an action of replevin, for about 500 bushels of wheat. Appellee Duke, as the sheriff of Howard county, Indiana, by his deputy, Stewart, had levied executions upon the wheat, as the property of Jacob Brunk, issued upon judgments against said Jacob Brunk and in favor of appellees Champ and Goyer. Appellants William R. Brunk and Arthur F. Brunk claimed to be the owners of the wheat.

The defendants answered separately, by general denials, except Stewart, who filed a disclaimer of any interest in the matters in controversy, and he was discharged without costs.

There was a trial by the court; a finding was made for the plaintiffs for 222 bushels of the wheat, of the value of $200, and a finding for the defendants for 289 bushels of the wheat, of the value of $260.10; and, over a motion by the plaintiffs for a new trial, judgments were rendered accordingly, and that the plaintiffs recover from the defendants ten twenty-thirds of the costs, and that the defendants recover from the plaintiffs thirteen twenty-thirds of the costs in the case. The error assigned is the overruling of the motion for a new trial. The reasons stated for a new trial are:

1st. The finding is contrary to law.

2d. The finding is not sustained by the evidence.

Upon the first reason it is insisted that the finding generally for the defendants, for a part of the property, is erroneous;

that it should have been for the sheriff alone; that he only had a right to the possession of any part of the property or any interest therein. If appellants had taken this view of the case in the beginning they would not have made the judgment plaintiffs parties to this action. While it is true that a return of the property, if made in pursuance of the judgment, had to be made to the sheriff, that he might sell it for the benefit of the judgment plaintiffs, yet, if the property had been disposed of (as was done in this case) by the plaintiffs under their replevin proceedings, and a return of the property could not be had, then the judgment plaintiffs were entitled to a judgment for the value of the property so awarded to be returned. But these are matters to be regulated by the judgment and not the finding. The general finding, as to so much of the property, for the defendants, was right. The plaintiffs had failed to establish, in the opinion of the court, their right to the possession of so much of the property, and it made no difference to them what rights or interests each of the defendants might have in the possession of that part of the property. No objection is or was made to the form or substance of the judgment, and this objection to the finding is not well taken. If the finding was imperfect, irregular, uncertain, ambiguous, or contradictory, the remedy was by a motion for a *venire de novo*, and not by a motion for a new trial; these questions can not be raised for the first time in this court. *Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259; *Bosseker* v. *Cramer*, 18 Ind. 44; *Marcus* v. *State*, 26 Ind. 101; *Gulick* v. *Connely*, 42 Ind. 134; *Leeds* v. *Boyer*, 59 Ind. 289; *Brickley* v. *Weghorn*, 71 Ind. 497; *Peed* v. *Brenneman*, 72 Ind. 288; *Kealing* v. *Vansickle*, 74 Ind. 529 (39 Am. R. 101); *Spraker* v. *Armstrong*, 79 Ind. 577.

As to the second error assigned, the evidence is long and somewhat conflicting. We have given it a careful consideration, and can not say that the court did not make an equitable division of the wheat between the parties.

The evidence clearly tended to support the finding of the

court. If erroneous; we think the error is in favor of appellants, and one of which they can not complain. There is no available error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.