No. 13,242.

## BURKET *v.* PHEISTER.

REPLEVIN.—*Before Justice of the Peace.— Evidence of Tax Assessment List.*— Tax assessment lists may be competent either as original evidence or, if the proper foundation be laid, to impeach in rebuttal.

SAME.—*Evidence as Limited by Section 1549, R. S. 1881.—Jurisdiction.*—Under section 1549, R. S. 1881, the jurisdiction of a justice of the peace in replevin cases is limited to an inquiry concerning the ownership and right of possession of property seized by virtue of the writ, and to the property which the officer returns as " not found ; " hence, where the complaint is respecting five hogs, the constable making return of a levy upon four, with no return of " not found " as to the other, the evidence must be confined to those levied upon.

SAME.—*Sufficiency of Verdict.*—In a case in replevin appealed to the circuit court from a justice of the peace, the jury found for defendant, and that he was entitled to the return of the property seized.

*Held,* that the verdict is sufficient under section 1550, R. S. 1881, without assessing the value of the property or the damages for its taking or detention.

From the Marshall Circuit Court.

*W. B. Hess, D. McDuffie* and *W. H. Sickman,* for appellant.
*A. C. Capron,* for appellee.

MITCHELL, C. J.—Replevin commenced before a justice of the peace by Burket against Pheister, to recover possession of five hogs. After a trial before the justice to whom the venue had been changed, the cause was appealed to the circuit court.

It is recited in a bill of exceptions that, at the trial in the circuit court, the plaintiff, by way of rebuttal, offered to read in evidence the assessment list, containing a statement of the personal property owned by the defendant on the 1st day of April, 1885, as sworn to and returned by him to the assessor on the 28th day of April of that year.

The statement as returned showed that the defendant owned eleven hogs. The bill of exceptions recites, that the plaintiff

stated to the court that his object in offering the assessment list was to rebut and contradict the sworn statement of the defendant made on the trial, which statement, the plaintiff said, was to the effect that the defendant had seventeen or eighteen hogs some eight or nine months before those in dispute first strayed off. The court, upon objection, excluded the list.

Assuming, what does not distinctly appear, that the defendant signed and returned the list offered to the assessor, there was, nevertheless, no error in the ruling of the court in excluding it from the jury.

Such lists are competent original evidence under some circumstances, and may tend to show the amount and kind of personal property owned or claimed by the lister, at the time to which they relate. We can see no reason why they may not be used, also, to impeach or contradict the evidence of a witness when the proper foundation to that end is laid. *Lefever* v. *Johnson*, 79 Ind. 554; *Painter* v. *Hall*, 75 Ind. 208; *Cincinnati, etc., R. R. Co.* v. *McDougall*, 108 Ind. 179.

After a careful examination of all the evidence in the record, we are unable to discover any testimony given by the defendant to the effect that he had seventeen or eighteen hogs, or any other given number, eight or nine months before those in controversy strayed off. It does not appear, nor did the plaintiff propose to prove, that the hogs in dispute were not part of the number given in to the assessor, nor that a state of facts then existed which would show, or tend to show (assuming that the defendant had eleven hogs, and no more, at the time his assessment list was made,) that those in dispute did not belong to him. So far as the record discloses, there is nothing in the defendant's testimony which the list tended to contradict or rebut.

The constable's return on the writ showed that he had taken four hogs from the possession of the defendant and delivered them to the plaintiff. There was no return that the other hog could not be found.

The court, of its own motion, confined the evidence to the ownership and right of possession of those seized by the constable and delivered to the plaintiff.

Section 1549, R. S. 1881, which declares that if the property claimed, or any part thereof, can not be found by the constable, the suit shall proceed as if it had been so found, relates to property which the return of the constable shows can not be found.

The jurisdiction of justices of the peace in cases of replevin is special and statutory, and is acquired in the manner pointed out in the statute. The jurisdiction of the court was, therefore, limited to an inquiry concerning the ownership and right of possession of the animals seized in virtue of the writ, and of those which the return of the officer showed were " not found."

Lastly, it is contended that the verdict is defective, because it is not in conformity with the provisions of section 549, R. S. 1881. The verdict and judgment conformed to the provisions of section 1550, R. S. 1881. The cause originated before a justice of the peace. The verdict was for the defendant, and that he was entitled to have return of the property seized. It was not necessary that the jury should have assessed the value of the property, or the damages for the taking or detention thereof.

The judgment is affirmed, with costs.

Filed May 12, 1888.