NOVEMBER TERM, 1888. 35

Van Meter v. Barnett.

Filed May 11, 1889.

---

No. 13,567.

## VAN METER v. BARNETT.

INSTRUCTIONS TO JURY.—*Supreme Court.*—*Practice.*—Instructions which are not brought into the record either by a bill of exceptions or as provided by section 533, R. S. 1881, are not presented for consideration on appeal.

REPLEVIN.—*Justice of Peace.*—*Appeal.*—*Verdict.*—*Surplusage.*—A verdict in an action of replevin originating before a justice of the peace, is not contrary to law merely because the jury found the value of the property in controversy, as such finding will be treated as surplusage.

SAME.—*Return of Property.*—*Form of Verdict and Judgment in Circuit Court.*— Upon the trial in the circuit court of an action of replevin which originated before a justice of the peace, the verdict, if for the defendant, should be merely for the return of the property delivered by the constable to the plaintiff, and an alternative judgment that the defendant recover the value of the property, in case a return can not be had, is erroneous. R. S. 1881, sections 1550 and 1571.

From the Jackson Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *W. K. Marshall,* for appellant.

*S. B. Voyles, H. Morris, J. A. Zaring* and *M. B. Hottel,* for appellee.

BERKSHIRE, J.—This is an action in replevin, and originated before a justice of the peace. There are two errors assigned, as follows: 1. The court erred in overruling the motion for a new trial. 2. The court erred in overruling appellant's motion to modify the judgment.

There are several reasons assigned in the motion for a new trial. The sixth, seventh, eighth, ninth and tenth reasons relate to the instructions given and refused by the court. The instructions are not embraced in the record, either by a bill of exceptions or as provided in section 533, R. S. 1881 (see *Olds* v. *Deckman,* 98 Ind. 162), and are, therefore, not presented for our consideration. The first, second and fourth reasons are substantially the same. The first reason is, that the verdict is not sustained by sufficient evidence.

We have carefully considered the evidence as we find it in the record, and though of the opinion that the verdict is contrary to the weight of evidence, and sufficiently so to have justified the court below in granting a new trial, yet we can not say that there is not some evidence to support the verdict, and, therefore, can not reverse the judgment for the reason that the verdict is not sustained by the evidence.

The third reason for a new trial is, that the verdict is contrary to law. The verdict is in the following form :

" We, the jury, find for the defendant and that he is the owner and entitled to the possession of the horse described in the complaint, and five dollars damages for the detention thereof by the plaintiff, and that said horse is of the value of thirty-five dollars."

The contention of counsel for the appellant is, that as the action was instituted before a justice of the peace the jury were not authorized to find the value of the property in controversy. Conceding that counsel are correct in their position, the verdict is not contrary to law. It covers the issues in the case and entitled the appellee to a judgment for a return of the property, and as to that part of the verdict to

which objection is made, the most that can be held is that it is surplusage and should be so treated.

It is not necessary that we go into a consideration of the question as to the legal interpretation of the words "that the verdict is contrary to law," as they are used in the statute, but content ourselves with the citation of the following authorities bearing upon the question: *Brunk* v. *Champ*, 88 Ind. 188; *Baldwin* v. *Burrows*, 95 Ind. 81; *McKeal* v. *Freeman*, 25 Ind. 151; *Whitney* v. *Lehmer*, 26 Ind. 503; *Yelton* v. *Slinkard*, 85 Ind. 190; *Bosseker* v. *Cramer*, 18 Ind. 44; *Robinson Machine Works* v. *Chandler*, 56 Ind. 575; *Garst* v. *State*, 68 Ind. 101; *Potts* v. *Felton*, 70 Ind. 166; *Lockwood* v. *Dills*, 74 Ind. 56; *Ex Parte Walls*, 73 Ind. 95; *Jones* v. *Baird*, 76 Ind. 164; Buskirk Prac. 230.

We come next to the consideration of the second assignment of error. After overruling the motion for a new trial, the court rendered a judgment for the appellant in the alternative that he recover the possession of the property in controversy, and that if a return could not be had that he recover the value of the property as fixed by the jury. After the judgment was rendered, the appellant moved the court to so modify the same that it would be a simple judgment for the return of the property. This motion the court overruled and the proper exception was reserved.

As already stated, this suit was commenced before a justice of the peace. When an appeal is taken to the circuit court from the judgment of a justice of the peace, the cause must be " there tried under the same rules and regulations prescribed for trials before justices." R. S. 1881, section 1502. The return of the verdict, motion for a new trial and the judgment are a part of the trial. Each of these steps is as much a part of the proceedings in the trial and as necessary to its final determination as are any of the previous steps taken therein. Webster's Dictionary, see " Trial "; Rapalje & Lawrence Law Dictionary, title " Trial "; *Jenks* v. *State*, 39 Ind. 1; *Galpin* v. *Critchlow*, 112 Mass. 339;

*Anderson* v. *Pennie,* 32 Cal. 265 ; *Sturgeon* v. *Gray,* 96 Ind. 166 ; *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569 ; *Calvert* v. *State,* 91 Ind. 473 ; *Carter* v. *Edwards,* 16 Ind. 238 ; *Bernhamer* v. *Conard,* 45 Ind. 151 ; *Lane* v. *Kenworthy,* 43 Ind. 116 ; *Hill* v. *Sleeper,* 58 Ind. 221 ; *Heller* v. *Crawford,* 37 Ind. 279 ; *Pennsylvania Co.* v. *Rusie,* 95 Ind. 236 ; *Monday* v. *Utter,* 15 Ind. 447 ; *Beineke* v. *Wurgler,* 77 Ind. 468.

In the conclusion to which we have arrived, we have not overlooked the cases of *Vanschoiack* v. *Farrow,* 25 Ind. 310, and *Kerschner* v. *Cullen,* 27 Ind. 184. These cases are not in conflict with the authorities cited. They hold that the jury in the circuit court is a part of the court, and must, therefore, be selected in the manner prescribed by law for the selection of juries in that court. It might, with as much plausibility, be contended that the judge of the circuit court should conduct the trial and keep a record of the proceedings, as the justice from whom the appeal is taken is required to do, as to contend that the jury should be selected in the manner juries are selected in trials before justices.

In actions like the one under consideration, originating before justices of the peace, where, as in this case, the property has before the trial been delivered by the constable to the plaintiff, and the finding of the jury is for the defendant, the proper form of verdict, both before the justice and in the circuit court on appeal is, that the defendant did not wrongfully take (or detain, as the case may be) the property of the plaintiff, and that the defendant have return thereof. And the verdict should be followed by a judgment for the return of the property and for costs. R. S. 1881, sections 1550 and 1571.

The court erred in overruling the appellant's motion to modify the judgment.

The cause is remanded, with instructions to the court below to modify its judgment in accordance with this opinion.

Judgment against the appellee for costs.

Filed March 5, 1889; petition for a rehearing overruled May 11, 1889.