Filed Jan. 9, 1894.

---

No. 16,518.

### DAVIS, BY NEXT FRIEND, *v.* SHUAH ET AL.

**VERDICT.**—*Sufficiency of.*—*Use of the Word "Defendant" Instead of Defendants.*—*Venire de Novo.*—In an action *ex delicto,* for damages, against several defendants as partners, the jury returned the following verdict: "We, the jury, find for the defendant," being duly signed by the foreman.

*Held,* that the use of the word "defendant" instead of *defendants* did not render the verdict so defective and uncertain as to entitle the plaintiff to a *venire de novo,* his substantial rights not being affected by such error.

From the Owen Circuit Court.

*A. M. Cunning,* for appellant..

*D. E. Beem* and *W. Hickam,* for appellees.

DAILEY, J.—The summary of the record presenting the issues and rulings of the trial court is as follows:

This case was begun in the Owen Circuit Court, by the plaintiff against the defendants, on May 6th, 1891. The complaint was for damages for the loss of an arm, caused

by alleged defective machinery furnished by defendants, while the plaintiff was at work for them in a sawmill.

The defendants filed a demurrer to the complaint, also a motion to make the complaint more specific.

The motion to make more specific and the demurrer were each overruled. The defendants filed their answer in general denial. A trial resulted in a verdict for the plaintiff in the sum of seven hundred dollars. The defendants made a motion for a judgment in their favor upon the answers to the interrogatories.

This motion was overruled. The defendants then filed a motion for a new trial. This motion was sustained.

A second trial was had, which resulted in a verdict as follows:

"We, the jury, find for the defendant.

"John T. Burks, Foreman."

The plaintiff filed a motion for a *venire de novo*, which, omitting the caption, is as follows:

"The plaintiff moves the court for a *venire de novo* herein for the following reasons, to wit:

"1st. The verdict of the jury is so defective, uncertain and ambiguous that no judgment can be rendered thereon.

"2d. There are two defendants in said cause and the verdict does not make any finding or mention of but one defendant, and does not even designate which defendant is intended.

"3d. The verdict is incomplete and does not pass upon the whole issue presented by the pleadings in the cause."

This motion was overruled and the proper exception taken.

The plaintiff filed a motion for a new trial, which was overruled.

The court entered judgment on the verdict, which

judgment is as follows: "*It is therefore ordered, adjudged and decreed by the court that the plaintiff recover nothing from the defendant, but that the defendant recover of and from the plaintiff the costs herein laid out and expended.*"

Appeal was prayed, and granted.

The assignments of errors are as follows:

1. The court erred in overruling the motion for a *venire de novo*.

2. The court erred in overruling the motion for a new trial.

Counsel for the appellant does not argue the alleged error of the court in overruling the motion for a new trial, which leaves us only the first error assigned to consider, to wit, the overruling of the motion for a *venire de novo*. The overruling of this motion is the proposition relied upon for the reversal of this case.

The first and second reasons may be considered together, as they are substantially the same.

It is contended by the appellant, that this verdict is defective and uncertain, because there were two defendants, and the verdict is a finding as to one only.

The defendants were sued properly in the individual names of the members composing the firm. In the complaint it was alleged that they were "partners in a sawmill and the manufacture of lumber, under the firm name and style of Charles Shuah & Co."

It seems the jury understood that they constituted a corporation and wrote the word "defendant" in the verdict instead of the word "defendants," the appropriate word for the plural number. Will the technical omission of the letter "s" indicating thereby the singular instead of the plural number, vitiate the verdict? A verdict will not be annulled or destroyed if it can be understood by the court.

In Hilliard on New Trials (2d ed.), 133, it is said: "With regard to verdicts in general, it is held that a verdict, however informal, is good, if the court can understand it. Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided, unless from necessity. If rendered upon substantial issues of fact, fairly presented by the pleadings they should not be disturbed on account of mere technical defects." *Daniels* v. *McGinnis, Admr.*, 97 Ind. 549; *Jones* v. *Julian*, 12 Ind. 274; *Mitchell* v. *Burch*, 36 Ind. 529.

As to the third reason on which the motion for a *venire de novo* is based, it is apparent that the only issue in this cause was whether the plaintiff had received the injuries complained of, as alleged in the complaint.

Counsel for the appellant says: "The defendants, by their general denial, said they were not partners. The jury may have come to the conclusion that Charles Shuah and Samuel E. Howe were not partners, and that one of them was not liable to respond in damages, and hence the verdict, 'we, the jury, find for the defendant,' but which defendant? If there was no partnership existing between them, and one of them was liable and the other not, we have a right to know it and to recover a judgment against the one who is liable."

The fallacy of this reasoning is apparent when we consider that there was but one issue, and even if the jury had come to the conclusion that there was no partnership, the finding against the plaintiff clearly shows that the real issue was found in favor of both of the defendants, as they intended to express it in their verdict. In other words, when the jury found for the defendant, it was a complete finding against the appellant, even if they had reached the conclusion that there was no partnership. If the jury had found that there was no part-

nership and that there was a liability as to one and not the other, they would not have returned the verdict found in the record. They would have found for the plaintiff as to one or the other of the defendants. The overwhelming fact is, the jury found against the plaintiff, which they would not have done if they had considered either defendant liable. There was no issue involved in the pleadings which was not determined by the finding of the verdict.

A motion for a *venire de novo* is a proper mode of directing attention to a defective verdict. It is not provided for in our code of practice, but is adopted by our courts as a common law practice. It may be granted in a proper case. The *nisi prius* court had much discretion. The appellate court will not interfere, unless it appears that there has been an abuse of that discretion. *Shaw* v. *Merchant's Nat'l Bank*, 60 Ind. 83 (95).

In this case there was no abuse of such discretion. The jury returned a verdict which determined the issues against the appellant, which the court understood and rendered judgment accordingly.

Section 398, R. S. 1881, provides that "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect."

The most liberal intendment, after verdict, should obtain. *Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261.

We think there is no error in overruling the motion for a *venire de novo*.

The judgment is affirmed.

Filed Jan. 10, 1894.