## TOLBERT v. MILLER.

[No. 3,016.   Filed February 20, 1900.]

COSTS.—*Justices of the Peace.*—*Appeal.*—*Reduction of Judgment.*—
*Replevin.*—Section 1578 Burns 1894, providing that if a party against
whom a judgment is rendered before a justice of the peace appeals
to the circuit court and reduces the judgment $5 or more he shall
recover his costs, applies to money judgments rendered in actions in
replevin.

From the Jay Circuit Court.   *Affirmed.*

*J. F. Denney* and *J. J. Moran,* for appellant.

*J. W. Kelley,* for appellee.

BLACK, J.—This was an action commenced before a jus-
tice of the peace by the appellant against the appellee to
recover possession of a dark gray mare alleged in the com-
plaint to be of the value of $60.   In the return of the writ,
it was stated by the officer that the property was not found.
The appellee appeared before the justice, who rendered
judgment as follows: "It is therefore considered and ad-
judged that the plaintiff recover of the defendant, Jacob
Miller, the said gray mare, and the cost of this suit, or $60
as damages, and the cost of this suit."

The defendant appealed to the court below, where the
judgment rendered upon the verdict was as follows: "It is
therefore considered and adjudged by the court that the de-
fendant, Jacob Miller, unlawfully detained from the posses-
sion of the plaintiff one dark gray mare of the value of $40,
and that plaintiff is entitled to the immediate posses-
sion of said mare, and that the plaintiff recover of and from
the said Jacob Miller as his damages for the retention of said
horse the sum of $10, his damages assessed by the jury, and
that upon failure of said Jacob Miller to immediately surren-
der possession of said horse to the plaintiff, that the plaintiff
recover of and from the said Jacob Miller the sum of $40,
the value of said horse as found by the jury, and also his
costs paid and about this suit laid out and expended."

After the rendition of the judgment in the court below, and at the same term, the defendant moved that all costs made in the circuit court in the cause be taxed to the plaintiff, "for the reason that the judgment secured by the plaintiff before the justice of the peace was reduced more than $5" in the circuit court. This motion was sustained, and, thereupon, it was "ordered and adjudged by the court that the costs accrued in this cause in the Jay Circuit Court be, and hereby are, taxed to the plaintiff herein." This action of the court in sustaining the appellee's motion as to costs on appeal in the circuit court is submitted for our consideration, it being claimed by the appellee, and denied by the appellant, that the court's action was authorized by the statutory provision that on appeals in the circuit court, "if either party against whom judgment has been rendered appeal, and reduce the judgment against him $5 or more, he shall recover his costs in the circuit court, when the appellant appeared before the justice." Section 1573 Burns 1894, §1505 Horner 1897.

The so-called action of replevin is entirely regulated by statute, and we have two modes of procedure,—one provided for trial courts of superior jurisdiction (§§1286 *et seq.* 558, 581 Burns 1894, §§1266 *et seq.* 549, 572 Horner 1897), the other for justices of the peace (§§1615 *et seq.* Burns 1894, §§1547 *et seq.* Horner 1897). See Schroeder's McDonald's Treat. 645; *Green* v. *Aker*, 11 Ind. 223; *Burkett* v. *Pheister*, 114 Ind. 503.

On appeal from a justice in an action of replevin, the cause is to be tried under the rules and regulations prescribed for trials before justices. *VanMeter* v. *Barnett*, 119 Ind. 35. In all particulars for which provision is made in the statute relating to justices, the method so provided is to be followed. In a cause originating before a justice, a verdict and judgment in the circuit court conforming to provisions concerning the verdict and judgment in the statute relating to justices will be proper. *Burkett* v. *Pheister*,

*supra; VanMeter* v. *Barnett, supra; Everman* v. *Hyman,* 3 Ind. App. 459.

In the statute relating to justices it is provided: "If the property claimed, or any part thereof, can not be found by the constable, the suit shall proceed as if it had been so found; and if such property not so found is adjudged to be the property of the plaintiff, and liable to have been recovered in that action if it had been found, he shall recover the value thereof in damages, whether he shall have claimed that amount as damages in his complaint or not." Section 1617 Burns 1894, §1549 Horner 1897. "Such cause shall be tried as other causes before justices. If the cause be dismissed, or the defendant prevail, judgment shall be rendered in his favor for his costs, and that he have return of the property; if the plaintiff prevail, he shall have judgment for damages for the taking or detention of the same, and costs." Section 1618 Burns 1894, §1550 Horner 1897. Here is ample provision for judgment in such a case as the one at bar.

Where, as here, the property claimed can not be found, but is adjudged to be the property of the plaintiff, and therefore liable to have been recovered in the pending action if it had been found, the provision for the plaintiff's judgment, both before the justice and in the circuit court on appeal from the justice, is that "he shall recover the value" of the property "in damages, whether he has made claim in his complaint for such amount as damages or not," and also "he shall have judgment for damages for the taking or detention of the" property "and costs." Thus it appears that in such case the proper judgment for the plaintiff, when the property can not be found, whether before the justice or on appeal, is a money judgment only; that as to the property which can not be found by the constable, in an action of replevin commenced before a justice, whether it be all the property claimed by the plaintiff, or a part thereof, if it be adjudged to be his property and liable

to have been recovered in the pending action if it had been found by the officer, the judgment in favor of the plaintiff, except so far as it includes damages for the taking or detention of the property, is like a judgment for the plaintiff in an action for conversion, in that it is for the value of the property in damages.

It would seem to follow that if, by comparison of such a money judgment obtained by the plaintiff in such an action in the circuit court on appeal by the defendant from a judgment of a justice with the money judgment obtained by the plaintiff before the justice, the defendant having appeared before the justice, it appear that the defendant on the appeal has reduced the money judgment of the justice against the defendant $5 or more, he should recover his costs in the circuit court. Such a conclusion was adopted in *Polk* v. *Nickens,* 63 Ind. 439, where only a portion of the property claimed could not be found, and there was, therefore, a recovery before the justice and on appeal of a portion of the specific property claimed.

Judgment affirmed.