## CHICAGO, INDIANA AND EASTERN RAILWAY COMPANY *v.* WINSLOW ET AL.

[No. 3,774. Filed May 9, 1901. Rehearing denied October 1, 1901.]

TRIAL.—*Verdict.*—*Venire De Novo.*—Where damages resulting from the appropriation of certain land for a railroad right of way were assessed in favor of two persons and on appeal it appeared that the land belonged to but one of them, and the verdict and judgment were rendered in favor of the person shown to have title thereto, the verdict, if erroneous, should be questioned by motion for a *venire de novo*, and not by motion for a new trial on the ground that the finding was contrary to law and not sustained by the evidence. *pp. 317, 318.*

Chicago, etc., R. Co. *v*. Winslow.

RAILROADS.—*Appropriation of Land for Right of Way.—Assessment.*
*—Measure of Damages.— Eminent Domain.*—In a trial for the reassessment of damages for lands appropriated for a railroad right of way an instruction that the jury in estimating the damages might take into consideration the fact that the company might be assessed as an individual for the construction and maintenance of any public drain in the vicinity of the road was properly rejected. *p. 319.*
SAME.—*Assessment of Damages for Lands Appropriated for Right of Way.—Trial.—Evidence.*—In a trial for the reassessment of damages resulting from the appropriation of land for a railroad right of way, evidence that the appraisers who assessed the damages in the first instance were farmers living in the vicinity of the land, and that they made the appraisement on actual view of the premises, was properly rejected. *pp. 319, 320.*

From Madison Superior Court; *H. C. Ryan,* Judge.

From a judgment assessing damages to Nixon Winslow against the Chicago, Indiana and Eastern Railway Company for lands appropriated for a right of way, the latter appeals. *Affirmed.*

*A. E. Steele* and *J. A. Kersey,* for appellant.

*J. W. Lovett, F. E. Holloway, J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellees.

ROBINSON, J.—Appeal from the judgment of the superior court on the verdict of a jury rendered on appeal from an assessment of damages resulting from the appropriation of land for a railroad right of way. §5160 Burns 1894. The questions presented are set forth in a motion for a new trial.

It is first argued that the court erred in overruling appellant's motion to have the jury sent to view the premises. This same question was recently decided by this court against the view advanced by appellant. *Chicago, etc., R. Co.* v. *Loer, ante,* 245.

The appropriation proceedings were begun against both Nixon Winslow and John Coomler. It appeared during the trial that the land belonged to Coomler and that Winslow had no interest in it, and it was admitted that there was no controversy about the title. The jury returned the ver-

dict: "We the jury find for the defendant and assess his damages at $1,000." The judgment was "that the defendant recover of the plaintiff the sum of $1,000." Complaint is made that the judgment is in favor of one defendant only. The judgment follows the verdict and would have been good against a motion to modify even if one had been made. Even if the verdict was wrong no steps were taken to have it corrected. The amount of damages allowed was to a particular tract of land, and the record discloses that there was no controversy that but one of the defendants owned the land. Appellant has not made it appear that any of its substantial rights are affected by the form of the verdict and judgment. It is held that if a finding is imperfect, irregular, uncertain, ambiguous, or contradictory, the remedy is by a motion for a *venire de novo,* and not by a motion for a new trial on the ground that the finding is contrary to law and not sustained by the evidence. *Brunk* v. *Champ,* 88 Ind. 188, and cases cited; *Davis* v. *Shuah,* 136 Ind. 237.

It is also argued that the amount of recovery is too large. But there is competent and legal evidence in the record to sustain the verdict in the amount of damages given. No sufficient reason is given for taking this case out of the well settled rule. In the case of *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213, the court said: "Among other things the jury was properly instructed that they might consider the manner in which the land was divided by the line of the railroad as affecting the size and shape of the fields, as affecting the access of stock to water, as affecting the passage from one part of the farm to another, as affecting the possible danger from fire emitted from the locomotives, to which might have been added many other things either annoying or hurtful, necessarily incident to the permanent location and operation of a railroad across one's premises." *Grand Rapids, etc., R. Co.* v. *Horn,* 41 Ind. 479; *Lafayette, etc., R. Co.* v. *Murdock,* 68 Ind. 137.

There was no error in refusing an instruction that in esti-

mating the damage on account of the manner in which the railroad as constructed would affect the drainage of the land the jury should bear in mind that the company might be assessed as an individual for the construction and maintenance of any public drain in the vicinity of its road and that it is subject to the same obligations as to the construction of such drains and liable to the same penalties therefor as an individual. It was proper to consider the damage to the drainage of the land resulting from the construction of the road. Even if proceedings to establish a drain should afterwards be instituted the company would be required to pay only such benefits as accrued to its right of way. The offered instruction had no legitimate bearing on the case.

The effect of the ninth instruction requested was that if the construction of the road had benefited the residue of the land by facilitating its drainage, and had enhanced its value generally, the jury might take this fact into consideration in determining the damage. But in determining the amount of damages, future benefits that may accrue to the landowner from the construction and operation of the road are to be excluded. §922 Burns 1894; *Evansville, etc., R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *White Water R. Co.* v. *McClure,* 29 Ind. 536.

Complaint is made of the refusal of the court to permit appellant to prove that the appraisers who assessed the damage in the first instance were farmers living in the vicinity of the land, that they had long been acquainted with the value of the land in that county and neighborhood and that they made the appraisement on actual view of the premises.

The statute, §5160 Burns, 1894, provides that the award of the arbitrators may be reviewed by the court upon written exceptions filed by either party, "and the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown." If new appraisers are appointed they are to have the same qualifications and perform the duties of the first appraisers. *Louis-*

*ville, etc., R. Co.* v. *Dryden,* 39 Ind. 393. But in cases of this kind either party may demand and have a trial by jury as a constitutional right. *Lake Erie, etc., R. Co.* v. *Heath,* 9 Ind. 558. When the case is submitted to a jury, as was done in this instance, it is tried as any other case. It is conceded that it would not be competent to show the amount of the first appraisement, and we fail to see how the qualifications of the appraisers, in effect a former jury, could be competent evidence.

Judgment affirmed.