## Stewart *v.* J. E. Ertel and Company.

[No. 9,729. Filed January 30, 1919.]

Jury.—*Appeals from Justices of the Peace.—Number of Jurors.— Statute.*—Section 1793 Burns 1914, §1502 R. S. 1881, providing that on appeals from justices of the peace, the same rules and regulations shall govern the trial court as are prescribed for trials before such justices, does not authorize the trial of a cause on appeal from a justice of the peace before a jury of six instead of twelve jurors, as the statute does not apply to the selection of a jury in such cases.

From Marion Superior Court (97,778); *Theophilus J. Moll,* Judge.

Action by J. C. Ertel and Company against John Stewart and another. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*Bachelder & Bachelder,* for appellant.
*Groninger & Groninger,* for appellee.

NICHOLS, J.—This is an action by the appellee against the appellant and city of Indianapolis for damages in tort.

The cause was commenced and tried before a justice of the peace of Center township, Marion county, where, from a judgment in favor of the plaintiff, defendants appealed to the superior court of Marion county, where the cause was tried, and judgment rendered against the defendants. A motion for a new trial was filed by the defendants, which was overruled. From the judgment and ruling of the court, the defendant John Stewart appeals. The defendant city of Indianapolis does not appeal.

The only error relied upon for reversal is that the court, over the objection of the appellant, submitted the cause for trial to a jury of six jurors, instead of twelve jurors, there being no agreement to try the cause with fewer than twelve jurors.

The court seems to have relied upon §1793 Burns 1914, §1502 R. S. 1881, providing that on appeals from justices of the peace the same rules and regulations shall govern the trial court as are prescribed for trials before such justices. But it is held that this section does not apply to the selection of a jury. *Vanschoiack* v. *Farrow* (1865), 25 Ind. 310; *Kerschner* v. *Cullen* (1866), 27 Ind. 184.

The court committed reversible error, and the cause is reversed, with instructions to grant appellant a new trial.