## BUSCHING, SHERIFF, *v.* SUNMAN.

[No. 2,467.   Filed April 6, 1898.]

REPLEVIN.—*Verdict.—Form Of.—Failure to Find the Value of Property.*—The failure of the jury to find in their verdict the value of the property in controversy in a replevin proceeding is not reversible error, where the property was in the possession of plaintiff, and the ownership and possession thereof was awarded plaintiff by the verdict.  *pp. 684-686.*

JUDGMENT.—*Presumptions as to Regularity Of.*—It will be presumed on appeal, nothing appearing in the record to the contrary, that a judgment was properly rendered and entered of record. *pp. 686, 687.*

From the Decatur Circuit Court.  *Affirmed.*

*J. H. Connelly, J. K. Ewing, J. D. Wallingford* and *C. H. Ewing,* for appellant.

*J. B. Rebuck, Cortez Ewing* and *Davison Wilson,* for appellee.

WILEY, J.—Appellant was sheriff of Ripley county, and, as such, levied upon certain personal property by virtue of an execution against Thomas W. Sunman, husband of appellee, as the property of said Sunman. Upon making such levy, appellant took constructive possession of such property, but did not remove it from the premises or take actual possession thereof. Whereupon appellee brought an action of replevin against appellant in the Ripley circuit court, to recover possession of the property so levied upon; the venue was changed to the court below, where a trial was had by a jury, resulting in a verdict and judg-

ment for her.    The verdict returned by the jury was as follows: "We, the jury, find for the plaintiff that she is the owner of and entitled to the possession of the property described in the complaint, and that she recover of and from the defendant the sum of one cent for the unlawful detention thereof." This verdict was returned and the judgment pronounced thereon, on the last day of the November term, 1896, of said court.

On the first day of the succeeding term appellant filed his motion for a new trial, and assigned therein the following reasons:    (1) That the verdict was not sustained by sufficient evidence; (2) that the verdict was contrary to law; (3, 4, 5, 6, and 7) that the court erred in refusing to give certain instructions tendered by appellant.    The motion for a new trial was overruled, the proper exception reserved, and such ruling is assigned as error.    Appellant has made no attempt to bring into the record either the evidence or the instructions, and hence his assignment of error calling in question the action of the court in overruling his motion for a new trial does not present any question for review.

Appellant contends that because the verdict is not in strict conformity to the provisions of the statute, in that it fails to find the value of the property in controversy, the second reason assigned in his motion for a new trial, that the verdict is contrary to law, is properly presented by the first specification of the assignment of errors.    We cannot agree with this contention.    Every reasonable presumption must be indulged in favor of the action of the trial court, and in absence of the evidence, we cannot say that a verdict is not sustained by sufficient evidence, or that it is contrary to law.

While the verdict is not in strict conformity to the

statute, yet it is not so uncertain, ambiguous, and defective that it will not support a judgment. From the whole record, it is clearly discernible that appellee, who was plaintiff below, was in the actual possession of the property described in her complaint, and the failure of the jury to assess its value by their verdict is not an omission or error of which appellant can justly complain. The provision of the statute requiring the jury in a replevin case to assess the value of the property in controversy, is evidently for the purpose of enabling the court to render a judgment for the return of the property, or in the event that it is or cannot be returned, to render judgment in favor of the prevailing party for its value so assessed. The property being in the possession of the appellee, appellant was not in any manner injured by the failure of the jury to assess its value. In *Van Gundy* v. *Carrigan*, 4 Ind. App. 333, this exact question was decided. The court said: "The code provides that in actions of replevin the jury must assess the value of the property, as also the damages for the taking and detention, 'whenever, by their verdict, there will be a judgment for the recovery or return of the property.' Section 549, R. S. 1881.

"It is further provided that in such actions, 'judgment for the plaintiff may be for the delivery of the property or the value thereof in case a delivery cannot be had, and damages for the detention. When the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return cannot be had, and damages for the taking and withholding of the property.'" Section 572, R. S. 1881.

Continuing the court said: "It is obvious under these provisions that it is necessary for the court or

jury to find the value of the property only, in cases 'where there will be a judgment for the recovery or return of the property,' or 'for the delivery of the property or the value thereof in case a delivery cannot be had,' or for the value of the property where there is a judgment for the return, and that cannot be had. In the case at bar there was a delivery to the plaintiff under the writ, and the judgment was 'that the plaintiff, * * * was the owner of and entitled to the possession of the property described in her complaint.' The property already being in the possession of the plaintiff at the time of the finding and judgment, it was not necessary that she should recover judgment for possession or delivery, and hence the finding of the value was wholly unnecessary. Besides, no harm could possibly result to the appellants, or either of them, from the failure of the court to find the value, as the judgment was against them." It has even been held that a general finding in an action of this character, for the plaintiff, is equivalent to a finding that the plaintiff is the owner and entitled to the possession of the property. *Payne* v. *June*, 92 Ind. 252.

In support of the proposition we have been discussing, in addition to the above authorities, we cite the following: *Burket* v. *Pheister*, 114 Ind. 503; *Brunk* v. *Champ*, 88 Ind. 188; *Thomas* v. *Irwin*, 90 Ind. 557; *Foster* v. *Bringham*, 99 Ind. 505; *Chissom* v. *Lamcool*, 9 Ind. 530; Cobbey on Replevin, sections 1060 and 1065. There was no error in overruling appellant's motion for a new trial.

After the motion for a new trial had been overruled, the appellant moved the court in writing to vacate and correct the judgment. The reasons assigned in support of this motion were: (1) That the verdict was returned on the last day of the term; that the judgment was not entered, read, and signed in

open court, and that appellant had no opportunity to move in arrest, or object to its form before the entry thereof; (2) that by the verdict appellant was entitled to judgment in his favor, because the jury did not assess the value of the property or find that it was unlawfully detained; (3) that there was an error in the entry of the judgment, and (4) that the judgment should be vacated and corrected, in that appellant was entitled to recover of appellee his costs. This motion was overruled, and an exception reserved, and the motion and ruling thereon are brought into the record by bill of exceptions, and such ruling is assigned as error. We do not think any question is presented by this assignment of error.

In the first reason assigned in the motion, an attempt is made to impeach the solemn judgment of the court, and this *dehors* the record, and no sufficient facts are stated upon which it is based. The motion is not even verified, and in the absence of any showing to the contrary, we must presume that there was no irregularity in the rendition of the judgment, and the reading and signing of the judgment roll.

As to the second reason assigned, what we have said relating to the motion for a new trial, applies. here with equal force. There is no merit whatever in the third and fourth causes assigned, and counsel have not attempted to support them with either argument or authorities. There is no error in the record, and the judgment is affirmed.