### STERRETT v. TIMMONS ET AL.

[No. 2,664. Filed January 3, 1899.]

REPLEVIN.—*Writ.—Return.—Jurisdiction.*—The return of the doings of a constable upon the writ is not necessary to confer jurisdiction in an action of replevin.

From the Carroll Circuit Court. *Affirmed.*

*L. D. Boyd* and *J. C. Moore,* for appellant.

*M. A. Ryan,* for appellees.

HENLEY, J.—This was an action in replevin brought by appellees against appellant before a justice of the peace. It involves the ownership of fifteen ducks. There was a trial by jury in the justice's court and a finding in favor of appellees. The cause was appealed to the circuit court of Carroll county, where it was again submitted to a jury with the same result.

The alleged errors of the lower court, for which appellant seeks a reversal of the judgment in this cause, are the rulings of the lower court in overruling his demurrer to the complaint; the refusal of the court to dismiss the same upon appellant's motion therefor, and in permitting the constable to make his return upon the writ of replevin issued to him after said cause had been appealed to the circuit court. The complaint in this cause contains all the material averments necessary to a complaint in replevin, and the demurrer thereto for want of facts was properly overruled.

The other reasons assigned why the cause should be reversed are discussed together. Appellant in the circuit court moved to dismiss the cause for the reason that the court did not have jurisdiction, because the constable who served the writ had failed to make any return thereon. Upon motion supported by the affidavit of the constable, the lower court permitted the said officer to indorse his return upon the writ. It appears from the record that the writ of replevin for the property described in the complaint, and the summons for the appellant, were properly issued, and placed in the hands of the constable of the township for service; that at the hour and the day upon which the summons was returnable, the appellant appeared in person and by attorney, and moved for a change of venue, and the cause was sent to another justice of the peace where the trial was had and judgment rendered as before stated. We do not understand that a return of the doings of the constable upon the writ is necessary to confer jurisdiction in an action of replevin, and counsel have failed to cite us to any authority so holding. The filing of the complaint and bond, the issuing and service of the summons, and the appearance of the appellant, gave the court

jurisdiction of both the person and subject-matter. The failure of the writ of replevin to show, by the return of the officer who executed it, that the property was taken under it, or what disposition was made of the property by the officer might affect the introduction of certain material evidence, but it cannot affect the jurisdiction of the court. The verdict was sufficient in form. See *Busching, Sheriff,* v. *Sunman* (Ind. App.), 49 N. E. 1091.

Upon the whole record, we are of the opinion that the cause should be affirmed. See section 658, Horner's R. S. 1897. Judgment affirmed.