CONRAD *v.* PARKS ET AL.

[No. 16,892. Filed November 12, 1942.]

*T. B. Cunningham,* of Kentland, and *Bomberger, Peters & Morthland,* of Hammond, for appellant.

*Edwin L. Robinson,* of Morocco, for appellee.

DeVoss, J.—Appellant brought this action of replevin against appellees to recover possession of certain personal property. The complaint alleged that appellant was the owner of and entitled to the immediate possession of said personal property and that it was wrongfully taken and wrongfully detained by appellees and the estimated value of the property was one thousand dollars. The complaint prayed judgment that the plaintiff be entitled to the immediate possession of the property and for one hundred dollars damages for its detention. Upon the issuing of the writ, appellant filed his bond for the return of the property described in the complaint to appellees and took possession thereof and retained the same until the day of trial. Appellees filed their joint answer denying that appellant was the owner and entitled to the possession of the property described

in the complaint. Trial was had by jury resulting in what is designated in appellant's brief as a "split verdict." The verdict returned by the jury was as follows: "We, the jury, find that the plaintiff is the owner and entitled to the possession of that part of the property described in the complaint, to-wit, (here follows an itemized statement of a part of the property described in the complaint). That the defendants unlawfully took and wrongfully detained the same. We further find that said property is of the value of $————, and we assess plaintiff's damages at $————. We further find that the defendants are entitled to the possession of that part of the property set out in the complaint and described as follows, to-wit, with everything except the above mentioned articles. That it is of the value of $————, and we further find that the defendant did not unlawfully take or detain the same."

The appellant moved the court for a *venire de novo*, assigning as reasons therefor that the verdict was so defective that no judgment could be rendered thereon; that the verdict did not find the value of the property given either to plaintiff or defendants and fails to find what, if any, damages either plaintiff or defendants are entitled to recover. This motion was by the court overruled and thereupon the court rendered judgment on the verdict as follows: "It is therefore considered and adjudged by the court that the plaintiff, Platt M. Conrad, retain possession of the following described property set out in his complaint, to-wit, (here follows an itemized statement as appears in the verdict of the jury). It is further considered and adjudged by the court that defendants have return of the property described in the complaint, to-wit, (here follows an itemized list of the property described and set out in the complaint except that found by the verdict to belong to plaintiff)."

Appellant filed his motion to modify the judgment, which motion was by the court overruled, and thereupon appellant filed a motion for a new trial, which motion was also by the court overruled.

The errors assigned in this court for reversal are: (1) Error of court in overruling appellant's motion for a *venire de novo*. (2) Error of court in overruling appellant's motion to modify the judgment. (3) Error of court in overruling appellant's motion for a new trial.

The reasons assigned in the motion for a new trial and discussed in the brief are: (1) Error in the admission of the testimony of Mary Andus. (2) The verdict is contrary to law.

It is contended by appellant that the verdict of the jury is incomplete in that there is no finding of value of property awarded to either party and no damages assessed and that, therefore, no valid judgment could be rendered thereon.

The section of the statute concerning verdicts in actions of replevin reads as follows: Section 2-2025, Burns' 1933. "VERDICT IN REPLEVIN.—In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

The first part of the verdict is favorable to appellant and awards him the possession of a portion of the property and while it is true that the verdict is not in strict conformity to the statutes, yet it is not so uncertain and defective that it will not support a judgment. Appellant who was plaintiff below was in the actual possession of the property described in her complaint and the failure of the jury to assess its

value by its verdict is not an omission or error of which appellant can justly complain.

The property already being in the possession of the plaintiff (appellant) at the time of the finding and judgment, it was not necessary that he should have judgment for recovery or return and hence the finding of the value was wholly unnecessary. *Busching, Sheriff* v. *Sunman* (1898), 19 Ind. App. 683, 49 N. E. 1091.

The latter part of the verdict is favorable to appellees. This portion of the verdict was equivalent to finding that appellant was not the owner nor entitled to the recovery or return of the property. The property had been taken by plaintiff (appellant) under the writ and appellees were entitled under the verdict of the jury to a return of the property and damages for the taking, but if the appellees were entitled to a sufficient verdict to award judgment for the return of the property and for damages for taking it but failed to obtain such a verdict, appellant was not harmed thereby and cannot complain of this error as it could do him no injury.

There was no error in overruling the motion for a *venire de novo*. *Baldwin* v. *Burrows* (1884), 95 Ind. 81; *Noble* v. *Epperly* (1855), 6 Ind. 468; *Crocker* v. *Hoffman* (1874), 48 Ind. 207; *Van Gundy* v. *Carrigen* (1891), 4 Ind. 333, 30 N. E. 933.

A verdict of the jury is to have a reasonable construction and is to be favored by all reasonable presumption and intendments and all reasonable presumptions and intendments are indulged in its favor.

It is next contended that the testimony of Mary Andus relative to a conversation she had with T. B.

Cunningham was erroneous in that the said T. B. Cunningham was not a party to the suit and could not bind the plaintiff by anything said.

The record discloses that the following questions were propounded to the witness, Mary Andus:

"Q. Are you acquainted with Cora Parks and Leonard Parks, the defendants in this cause of action now being tried?

"A. Well, yes, I guess I am.

"Q. How long have you known them, Mrs. Andus?

"A. Oh, I will say now about four years.

"Q. Are you acquainted with T. B. Cunningham?

"A. Well, I ought to be. I lived on his farm for a year.

"Q. Have you seen Mr. Cunningham at any time in the past two years?

"A. No, I don't believe I have, only the year that I lived there.

"Q. That was the last time that you saw him?

"A. Yes, and he was up.

"Q. You say that was three years ago?

"A. Three years ago this summer.

"Q. Did you ever have any conversation with Mr. Cunningham concerning Mrs. Conrad and Mrs. Parks?

"A. Yes.

"Q. About when was that?

"A. Well, I don't know. It was after she died while he come up to the farm.

"Q. What was the nature of that conversation?"

To this question appellant addressed an objection as to any conversation she had with T. B. Cunningham for the reason that said Cunningham could not bind anybody. The objection to the question was overruled, and the following answer made by the witness:

"A. I asked him, 'What did Mrs. Parks get to share, anything?' And he said, 'Yes, she got the furniture.'"

T. B. Cunningham, with whom the conversation was had, was counsel for appellant at the trial of this cause, and had been appointed administrator of the estate of Jennie M. Conrad, deceased, prior thereto. Jennie M. Conrad was the mother of the appellant, plaintiff in the trial court in this cause. The controversy involved herein grew out of the ownership of the household furniture and fixtures owned by Jennie M. Conrad at the time of her death. Appellees contend that the property involved was given to them by the plaintiff in this case after his mother died. Plaintiff claims to be the owner of the property as the only heir of said Jennie M. Conrad.

It is contended by appellant that Cunningham was not a party to the suit, and hence, anything that he may have said would not bind the appellants. It is appellee's contention that the said Cunningham not only was the administrator of the estate of Jennie M. Conrad but that he was the agent of the plaintiff. That as such agent and administrator he could and did bind appellant by the conversation had. The conversation inquired about was had on the farm of Cunningham while he was engaged in business of his own and the statement relative to the furniture was of a narrative nature. He was not at that time engaged in business for appellant, neither had the witness, Andus, been referred to him by appellant for anything concerning the furniture. The statement of Cunningham was merely the statement of a third party and could not bind the appellant. It appears from the record that appellees herein, Cora Parks, had worked for Jennie M. Conrad, appellant's mother, for many years, that

Mrs. Andus knew appellees herein for four years, and that the question as to what share Mrs. Parks got without question referred to the property involved herein. The statement of Cunningham to Mrs. Andus was directed to the exact point in issue in this cause and without doubt exercises some influence in determining such issue, and was prejudicial to appellant.

Appellees cite the case of *Eckert, Admr.* v. *Triplett* (1874), 48 Ind. 174, 176, as authority for their contention that appellant herein was bound by the statement of Cunningham as administrator. In that case the court said:

> "When an executor or administrator makes an admission which would be competent evidence against the estate in an action where the estate is represented by the same executor or administrator, we see no satisfactory reason why it should not be competent when the estate is represented by his successors in the administration.
>
> "The estate is equally affected by the admission, whether the subject-matter of it arises in a suit where the same executor or administrator is a party, or in a suit where a successor in the administration is a party. . . ."

It must be noted, however, that the instant case is not a claim against an estate, but is a controversy between two individuals over property derived from an estate and neither the administrator nor his successor in administration is a party.

For error in admission of this evidence, the judgment is reversed, and the trial court directed to sustain appellant's motion for a new trial.

NOTE.—Reported in 44 N. E. (2d) 503.