## St. Louis & Kansas City Railway Company, Appellant, v. Eby.

### Division One, December 12, 1899.

**Condemnations:** EVIDENCE OF PREVIOUS AGREEMENT AS TO DAMAGES. It is not proper to permit a railroad company, in a condemnation proceeding for the taking of land for the right of way, to show, for the purpose of lessening the landowner's claim for damages, that when the road was in process of construction he had verbally agreed that, if the station and depot buildings were located on his land, which was afterwards done, he would release the company from any damages, and had agreed to execute a contract to that effect, but, on learning after the contract was made out and forwarded to him for signature that the station's location on his land had already been determined on, he refused to sign it. Such evidence must be viewed in the light of offers to compromise. (Following Railroad v. McGrew, 104 Mo. 282.)

*Appeal from Johnson Circuit Court.*—Hon. W. W. Wood, Judge.

AFFIRMED.

Geo. P. B. Jackson for appellant.

(1) The court erred in trying the case over plaintiff's objection. The record shows that the court had not then acquired jurisdiction to try the case. The summons issued by the clerk was a nullity. Williams v. Monroe, 125 Mo. 574. When this defect was pointed out the court should then have proceeded in accordance with the statute as construed by this court. (2) The court erred in setting aside the report of the commissioners. This action was taken without any hearing or proof and without reviewing of the same, and without "good cause shown." R. S. 1889, sec. 2738; Railroad v. Richardson, 45 Mo. 466; Bridge Co. v. Schaubacker, 49 Mo. 555; Railroad v. Clark, 119 Mo. 372; Bridge Co. v. Ring, 58

St. L. & K. C. R'y Co. v. Eby.

Mo. 491; Railroad v. Almeroth, 62 Mo. 343; Rothan v. Rail-road, 113 Mo. 132; Railroad v. Fowler, 113 Mo. 458; Green v. Railroad, 82 Mo. 653. For the same reasons the court erred in refusing to require defendant to refund the money received by him from the clerk and which had been deposited by reason of the award of commissioners after the award was vacated. (3) The court erred in excluding the evidence offered by plaintiff to prove the proposition and statement made by defendant before the railroad was built, in relation to the location of a station on defendant's land, or on the adjoining forty. While that may not have amounted to a binding contract, it was at least proper to go to the jury as an estimate which defendant himself placed upon his damages.

O. L. Houts for respondent.

(1) The court had jurisdiction of the subject-matter and the parties and its proceedings were binding. Union Depot Co. v. Frederick, 117 Mo. 138. Plaintiff having obtained possession of defendant's land, built its road over it, and occupied it, could not back out of court or recover the amount of the deposit it had made, or take a non-suit. Railroad v. De-Lissa, 103 Mo. 125. (2) The court did not err in setting aside the report of the commissioners and ordering a re-assessment of damages by a jury. Defendant within due time after the commissioners had assessed the damages and filed their report asked to have the report set aside, and demanded a re-assessment by a jury. After the commissioners had assessed the damages, and made a report, either party was entitled to a jury to re-assess the damages on demand; if made in due time, if made in any form, or in any manner, the court had no discretion in the matter, but was compelled to award a jury trial. Railroad v. McGrew, 113 Mo. 390; Railroad v. Story, 96 Mo. 611. (3) Defendant assumed the burden of showing that his farm was by the construction and operation of the road, damaged, and the extent of the damage, and

these were the only issues in the case undetermined. The opening and closing, therefore, was properly awarded to him. Railroad v. North, 31 Mo. App. 345. The courts all hold that this is a matter within the discretion of the trial judge. (4) The court properly excluded evidence offered by plaintiff of previous negotiations and offers between plaintiff and defendant in regard to right of way and defendant's damages. Railroad v. McGrew, 104 Mo. 298.

ROBINSON, J.—This controversy arose out of a proceeding to condemn a right of way for plaintiff's railroad through defendant's farm situate in Johnson county, consisting of about three hundred and fifteen acres of land lying in a body.

The railroad was constructed through defendant's land in a curve line south of the center of the farm, and splitting one eighty diagonally, leaving it in irregular shape, and one hundred and twenty acres was left to the south side of the railroad, separated from the improvements and the rest of the farm. The railroad did not go through defendant's farm on a natural grade, but cuts and fills were made. It extended something over one-half mile through defendant's land, and for about half the distance plaintiff laid a double track, appropriating about six acres for its right of way.

The plaintiff presented a petition setting forth the necessary jurisdictional and other facts, and prayed for the appointment of commissioners to assess damages which defendant would sustain in consequence of the location, construction and operation of its railroad over defendant's land. On the filing of the petition in the office of the clerk of the circuit court of Johnson county, in vacation, the clerk issued a summons to defendant to appear before the judge of the Johnson Circuit Court on the 8th day of August, 1895. The summons was duly served and the defendant appeared accordingly. Thereupon the judge of said court heard the petition, and

after finding the facts upon which to base his order appointed
the commissioners as required by statute, who filed their re-
port showing that they had performed the duty imposed upon
them, and assessed defendant's damages by reason of the ap-
propriation of his land, and the operation and maintenance of
the railroad thereon, at twenty dollars, which was deposited
by the plaintiff with the clerk of the circuit court and after-
wards taken by the defendant and the plaintiff took possession
of the land.   On August 23, defendant filed objections to
the commissioners' report.   The exceptions, except the first
and seventh, which were withdrawn, were in substance, that
damages were not assessed for the whole of the tract of land
through which the railroad ran, although the entire farm was
damaged; because the damages were grossly inadequate; be-
cause the damages sustained were $3,000, instead of the
amount allowed by the commissioners; because the commis-
sioners neither allowed damages for the land actually appro-
priated, nor damages to other parts of the farm; because the
commissioners erred in deducting from the damages sustained
the general benefit to defendant's farm by reason of the build-
ing and constructing of the railroad, which were given to other
lands in the vicinity; and asked that the report of the com-
missioners be set aside and the court order a new appraisement
of defendant's damages to be made by a jury under the
supervision of the court.

At the October term, 1895, the court made an order sus-
taining defendant's exception, setting aside the report of the
commissioners and ordering that the damages be re-assessed by
a jury.   The plaintiff, however, objected to the order setting
aside the report, because, as alleged, no sufficient cause had
been shown, and also objected to the order submitting the trial
to a jury, because there was no foundation up to that time for
such submission because not in compliance with the statute.
A jury was thereupon impaneled and an inquiry had accord-
ingly, resulting in awarding defendant the sum of $800, upon

which a judgment in the usual form was entered for that amount in favor of the defendant. During the trial before the jury the plaintiff offered to prove that defendant had stated that if the depot and station were located upon the land where it now is, or within a quarter of a mile east of that point, it would satisfy him in full for all damages he would sustain by reason of the appropriation of his land for the railroad purposes, and that he offered, if such location was made, to execute a deed conveying the right of way in consideration of one hundred dollars; and that in pursuance of that agreement the station was located on the forty acres east of defendant's land, and a contract was drawn up, but before the contract reached defendant for his signature he learned that the location of the depot and station had been determined upon as desired by him, and then declined to sign the agreement or to execute the deed.

Before proceeding to a trial of the question of damages, plaintiff's counsel moved the court to overrule defendant's exceptions for the reason that defendant had accepted the money deposited by the plaintiff with the clerk in vacation, and consequently was not entitled to an order setting aside the report of the commissioners without refunding the money received from the clerk. The plaintiff's objection being overruled, the defendant demanded the right to open and close the case. Plaintiff's objection thereto being overruled, the defendant was awarded the opening and closing of the case. After the trial and judgment the case is brought here on plaintiff's appeal.

This case, with the exception perhaps of the evidence offered by plaintiff of previous negotiations between the parties, in regard to the location of the depot and station near to and adjoining defendant's farm, and the diminution of defendant's damages in consequence thereof, is in all essential respects like the cases of the same plaintiff against Donovan et al., 149 Mo. 93, and Russell et al., 150 Mo. 453, passed

upon by this Division, and therefore must be governed by the rule announced in those cases.

The court properly excluded the evidence offered by plaintiff of previous negotiations and offers between the plaintiff and defendant touching the right of way in question and defendant's damages in reference thereto. In Chicago, S. F. & C. Ry. Co. v. McGrew, 104 Mo. 282, this court was called upon to determine the same identical question, and in the course of the opinion delivered by the court in that case, it was held that offers to agree, which were required to be made before legal proceedings could be instituted, having failed, all previous negotiations or offers were at an end, and could only be viewed in the light of offers to compromise, and evidences of their character and extent was not admissible, and that plaintiff had no more right to tender or prove that it had tendered defendant certain privileges, than the defendant had to offer to prove that he had offered to donate the right of way if a different location should be adopted.

For the reasons herein given, and upon the authority of the cases of plaintiff against Donovan et al., and Russell et al., *supra*, the judgment of the circuit court will be affirmed. BRACE, P. J., MARSHALL and VALLIANT, JJ., concur.