248    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Dunn—37 Ind. App. 248.

## INDIANAPOLIS NORTHERN TRACTION COMPANY
### *v.* DUNN ET AL.

[No. 5,474.   Filed November 28, 1905.   Rehearing denied January
31, 1906.]

1. EMINENT DOMAIN.—*Interurban Railroads.—Award.—Effect.*
—The award of appraisers in condemning land for a right of
way for an interurban railroad is not final but either party
may except thereto and appeal.   p. 249.

2. SAME. — *Interurban Railroads.—Payment.—Title.*—The pay-
ment of an award in condemnation gives an interurban railroad
company the right to possession of the condemned land, and if
no appeal be taken, such payment gives title which relates from
the day of payment.   p. 250.

3. SAME.—*Interurban Railroads.—Appeal from Award.—Trial.*
—Where an interurban railroad company appeals from an
award in condemnation, the cause on appeal is tried *de novo,*
and if the judgment on appeal is greater than the award, such
company must pay same or such land can not be held.   p. 250.

4. SAME.—*Interurban Railroads.—Award.—Receipt of.—Effect.*
—If a landowner accepts the money in payment of an award
in condemnation of an interurban railroad right of way, he is
estopped from afterwards appealing or questioning such award.
p. 250.

5. SAME.—*Interurban Railroads.—Appeal from Award.—Effect.*
—An interurban railroad company may appeal from an award
in condemnation although it has paid such award into court,
such payment giving it the immediate right to possession.   p. 251.

6. TRIAL. — *Instructions. — Damages. — Elements. — Interurban
Railroads.*—Where the court properly instructed the jury as to
the elements of damage in condemning an interurban railroad
right of way over lands, the fact that such instruction included
as a basis for damage "any other things either annoying or
hurtful and necessarily incident to the permanent location and
operation of a traction line across a farmer's premises," does
not constitute reversible error.   p. 251.

7. EMINENT DOMAIN. — *Interurban Railroads. — Damages. —
Benefits. — Statutes. —* The statutes permitting interurban
railroad companies to condemn lands for a right of way must
be construed *in pari materia* with those granting such rights
to railroads, and no benefits can be considered in estimating
such damages.   p. 252.

Indianapolis, etc., Traction Co. *v.* Dunn—37 Ind. App. 248.

8.   TRIAL. — *Instructions.*—*Witnesses.*—*Evidence.*—*Weight.*—An instruction that the jury might consider whether witnesses in a condemnation case were practical farmers or mere landowners but that the weight to be given to such facts was for them alone, is not an invasion of the province of the jury.   p. 253.

9.   EVIDENCE.—*Admissions.*—*Eminent Domain.*—*Interurban Railroads.*—*Compromise.*—An offer made by a landowner as a compromise of damages prior to the taking of his land by condemnation proceedings by an interurban railroad company for its right of way, is not admissible in evidence in such action as an admission.   p. 253.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Condemnation procedings by the Indianapolis Northern Traction Company against Peter Dunn and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*James A. Van Osdol* and *Loveland & Loveland,* for appellant.

*Cox, Reasoner & O'Hara,* for appellees.

ROBINSON, J.—On April 4, 1903, appraisers, appointed in condemnation proceedings instituted by appellant, awarded appellees $1,100.   On April 13, 1903, appellant filed its exceptions to the award, and on May 8, 1903, paid the amount of the award to the clerk of the circuit court.   On the same day the clerk paid the award so received to the attorneys of appellees.   Afterward the case was tried before a jury in the circuit court on the issues raised by the exceptions filed by appellant, and a verdict for $1,350 returned by the jury in favor of appellees. Judgment was rendered in appellees' favor for $1,350, but, upon appellant's motion, was afterwards modified and rendered for $250.

The award of the appraisers was only an initiatory step in the proceedings, which might or might not be final, at the option of the parties. *Norristown, etc., Turnpike Co.* v. *Burket* (1866), 26 Ind. 53.

When appellant paid the amount awarded by the appraisers, it had a right to the possession and a *prima facie* claim to the land, subject to an appeal within the time fixed by statute. If at the end of that time no appeal had been taken the title to the land would have vested, and would have related back to the date of payment. As an appeal was taken, appellant did not acquire title, but did have the right to hold possession and proceed with the construction of its road pending litigation. It asked the circuit court to fix the compensation that should be paid. It continued the proceedings. By its own act it created a condition with which it must comply before it could acquire title. Having prosecuted its appeal to judgment it must pay or tender the amount so fixed by the court, and on failure to do so it acquires no title to the land, and its right to hold possession and prosecute its work ceases. When it took an appeal to the circuit court the question of just compensation was tried · *de novo*. "The prayer for an appeal," said the court in *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514, "and the intention to take an appeal, do not continue the litigation or in any way interfere with the finality of the judgment as to the just compensation; and if the judgment on appeal is for more than the award of the appraisers, the difference must be paid or tendered before the land can be finally taken. Mills, Eminent Domain, §137; *Peterson* v. *Ferreby* [1870], 30 Iowa 327; *Richards* v. *Des Moines Valley R. Co.* [1865], 18 Iowa 259; *Blackshire* v. *Atchison, etc., R. Co.* [1874], 13 Kan. 514." See, also, *Terre Haute, etc., R. Co.* v. *Crawford* (1885), 100 Ind. 550.

Appellees filed no exceptions to the award made by the appraisers, and when appellant paid the amount into court appellees were entitled to receive the money. Had appellees filed exceptions and appealed, and had then received the amount awarded and paid into

court, they could not further prosecute their appeal. It is a well-settled rule that a party can not accept the benefit of an adjudication and yet allege it to be erroneous. See *Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420, and cases cited. But appellees are not questioning the award of the appraisers. They thought proper to abide by the award. That the question of damages was litigated in the circuit court was not of their choosing. They were taken into the circuit court by appellant to litigate the question of just compensation *de novo*. The same question was to be tried that would have been for trial had the appeal from the award been taken by appellees. The result of the appeal by appellant was to set aside the report of the appraisers so far as appellant was concerned. The payment of the award into court by appellant was not made to stay execution. The purpose of the payment is clear. Appellant could, under the statute, derive a benefit by paying the award into court. It was not estopped from appealing by such payment. See *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497; *Union Traction Co.* v. *Basey* (1905), 164 Ind. 249.

Complaint is made of the following instruction: "In estimating the damages suffered by Peter Dunn, the owner of the real estate in controversy, you may take into consideration the manner in which the land is divided by the line of the traction company as affecting the size and shape of the fields, as affecting the access to the woods pasture, and as affecting the passage from one part of the farm to another, to which may be added any other things either annoying or hurtful and necessarily incident to the permanent location and operation of a traction line across a farmer's premises. The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence

or unskilfulness or from wrongful acts of those engaged in the work, must be assessed. Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all the injuries resulting from the appropriation."

Objection is made to that part of the instruction which says the jury may consider "any other things either annoying or hurtful and necessarily incident to the permanent location and operation of a traction line across a farmer's premises." While we do not approve this instruction, yet, in view of the instructions given at appellant's request, we do not think there was reversible error in giving it. At appellant's request the jury were told that in assessing the damages they could not take into consideration remote or fanciful injuries which rest wholly in conjecture, and do not admit of an estimate in damages; and certain particular things were specified which the jury were told they could not consider in estimating the damages.

Objection is made to that part of the second instruction telling the jury that in estimating the damages they could not take into consideration possible benefits which 7. might accrue by reason of the construction of the road. The statute concerning the appropriation of land and assessment of damages (§893 et seq. Burns 1901, §881 R. S. 1881) and that providing for the condemnation of land by railroads, must be contrued in pari materia. Swinney v. Ft. Wayne, etc., R. Co. (1877), 59 Ind. 205; Great Western, etc., Oil Co. v. Hawkins (1903), 30 Ind. App. 557; McMahon v. Cincinnati, etc., R. Co. (1854), 5 Ind. 413. Section 922 Burns 1901, §910 R. S. 1881, provides that in estimating the damages no deduction shall be made for any benefit that may be supposed to result to the owner from the contemplated work. See Evansville, etc., R. Co. v. Fitzpatrick (1858), 10 Ind. 120; White Water Valley R. Co. v. McClure (1868), 29 Ind. 536; Chicago, etc., R. Co. v. Winslow (1901), 27 Ind. App. 316.

The court instructed the jury that, in weighing the testimony of different witnesses as to the effect on appellee's remaining lands, for farming purposes, of the taking of the strip condemned, they might consider whether the witness was a practical farmer of experience or a mere owner of real estate, who had little, if any, experience in the actual work and management of a farm, "bearing in mind, however, that you alone are to determine whether these facts have been shown, and what weight, if any, is to be given to these facts." The court did not, in this instruction, tell the jury that the testimony of one class of witnesses was entitled to greater weight than the testimony of another class. The jury had the right to consider the fact, if it was a fact, that some of the witnesses were practical farmers of experience, and that others were not. In all cases the jury must determine for themselves to what witnesses they will give the most credence, and in the above instruction the court did not invade this right. In *Cline* v. *Lindsey* (1887), 110 Ind. 337, a suit to contest a will, it is held that the jury has the right to consider the fact that some of the witnesses may have had greater opportunities than others, and that the court may instruct them that they have such right. In *Woollen* v. *Whitacre* (1883), 91 Ind. 502, it is held that the trial court properly refused to instruct that it was the duty of the jury to consider the interest of a witness in determining his credibility, but it was held proper to instruct that in considering the credibility of a witness certain things might be considered by them.

A failure to agree with the landowner as to the compensation for the land sought to be appropriated was a condition precedent to any standing in court by the petitioner. As it was a fact essential to the petition to condemn, it was necessary to show that there had been a failure to agree. But we fail to see any reason for any distinction between an offer made by the landowner in

the effort to agree and an offer made before suit for the purpose of compromising a claim, so far as the offer was to be considered an admission by the landowner. And that was the purpose for which it was here sought to be used. The same reasoning that excludes an offer to compromise as an admission will exclude an offer made by the landowner for the purpose of agreeing upon the compensation to be paid. An offer made to avoid controversy and to save the expense of vexatious litigation can not properly be called an admission. See *West* v. *Smith* (1879), 101 U. S. 263, 25 L. Ed. 809.

The verdict returned by the jury is not such as suggests that they were influenced by passion and prejudice. There is evidence to sustain the findings of the jury. We can not disturb the conclusion reached by them without weighing the evidence, and this we can not do.

Judgment affirmed.