## ISAAC v. CITY OF HOUSTON.

### No. 9760.

Court of Civil Appeals of Texas. Galveston.

April 6, 1933.

Rehearing Denied May 4, 1933.

Blanchard & Woodul, Thomas H. Stone, and T. B. Blanchard, all of Houston, for appellant.

Sam Neathery, L. W. Cutrer, and Geo. D. Neal, all of Houston, for appellee.

LANE, Justice.

On the 20th day of June, 1930, the city of Houston filed its petition for the purpose of condemning 8,496 square feet of land, described in the petition, out of a tract of land belonging to Ed. C. Isaac, for the purpose of widening a street in said city. In the petition the city asked for the appointment of commissioners to assess damages which defendant might suffer by reason of the taking of said land. It asked for a fee-simple title to the land sought to be condemned. Joseph Isaac, Sr., John Ross, Louis Hoop, and Charles Hoop were made parties defendant; it being alleged that such parties were claiming some interest in the land.

Upon the filing of the petition the judge of the court appointed three commissioners for the purpose of assessing such damages as might be sustained by defendant by reason of the condemnation of the land.

It was alleged that the city of Houston, by resolution, had ordered the condemnation of the land for street purposes; that the city had been unable to agree with the owners of the land on a price at which such land might be purchased; that it had made an offer to defendant, Ed. C. Isaac, to purchase the land at what it considered to be a fair price, and that such offer was by Isaac refused, thereby necessitating the filing of the suit to condemn said land. Attached to the petition was a copy of the resolution of the city council, above mentioned, which was made a part of the petition as "Exhibit A."

On the 23d day of June, 1930, the commissioners appointed issued a notice to be served upon all parties defendant fixing July 2, 1930, as a time for a hearing on damages. The return of the officer serving such notice showed that the same was served on all defendants, except Joseph Isaac, Sr.

The hearing, of which notice had been given, was held on the 2d day of July, 1930, and at such hearing the special commissioners made an award, fixing the market value of the land sought to be condemned at $3.50 per square foot, and the value of the buildings situated on the land to be condemned, taken, damaged or destroyed, at $5,000. The commissioners found that the remainder of defendants' land would not be damaged by reason of the taking of the land sought to be condemned. The sum total of the award made was $34,737.22. Such award was filed on the 9th day of July, 1930, and within due time defendant Ed. C. Isaac filed his exceptions to the award and appealed to the county court at law.

In the county court at law appellant answered by a plea to the jurisdiction of the court, a general demurrer, two special exceptions to the appellee's petition, and by general denial, and by way of cross-action he asked judgment against the city of Houston, alleging that on the ——— day of January, 1929, he had a bona fide offer for all of his tract of land, including that taken and the parts thereof not taken, consisting of 32,710 square feet, of $233,125; that such offer was conditioned upon the city of Houston granting appellant or purchaser a permit to construct on such land a building suitable to the purchaser; that the city willfully, wrongfully, and without just cause refused to issue the requested permit, and as a result of such refusal appellant was unable to sell the land, to his damage in the sum of $75,000.

By supplemental petition the city excepted specially to so much of appellant's answer as described certain two strips of land not described in the city's petition and which the city was not seeking to condemn, and to so much thereof as related to the offer appellant had received for his entire tract of land. Such special exceptions were sustained by the court.

In deference to the order of the court sustaining the city's exceptions and overruling appellant's exceptions, appellant filed his third amended answer from which he omitted the allegations in his former answer, which were stricken out upon the exceptions of the city. In that answer, upon which he went to trial, appellant made general demurrer, general denial, and specially pleaded a special law passed by the 33d Legislature (Sp. Acts 1913, c. 17) conferring upon the commissioners' court of Harris county authority to institute condemnation proceedings against persons for the condemnation of lands for public roads and streets.

Defendant John Ross filed his answer, in which he alleged that Ed. C. Isaac was indebted to him in an amount named, together with attorney's fees, etc., which were secured by a lien on the property of Ed. C. Isaac, a part of which the city of Houston was seeking to condemn.

Answer was filed by none of the other defendants.

The court submitted to a jury chosen to try the case the following special issue: "What was the market value on August 21st, 1930, of defendant's 8496.35 sq. ft. of land described in plaintiff's petition?" To such question the jury answered, $21,240.88, and in answer to another question they found that the taking of that portion of appellant's land for street widening purposes would increase the value of appellant's remaining land.

Upon the findings of the jury and the evidence, judgment was rendered for the city of Houston, decreeing that the city recover from Ed. C. Isaac, John Ross, Louis Hoop,

and Charles Hoop, and the representatives of the estate of Joseph Isaac, Sr., the title to and right of possession of the land sought to be condemned, and that Ed. C. Isaac, and the representatives of the estate of Joseph Isaac, Sr., do have and recover of and against the city of Houston the sum of $21,240.88; such judgment further decreeing that the compensation awarded Ed. C. Isaac be paid into the registry of the court, and that the defendants John Ross, Louis Hoop, and Charles Hoop should have and hold a lien against said award, or so much thereof as may be necessary, in lieu of their liens upon the land condemned.

From such judgment Ed. C. Isaac alone has appealed.

By appellant's second, third, fourth, and fifth propositions, contention is made that the right of the city of Houston to exercise the power of eminent domain rested entirely upon statutory authority and that the compliance with the statutory requirements is mandatory and necessary to confer jurisdiction upon the county court; that the city of Houston being only authorized to act in condemnation proceedings by and through its city council, and said council by express provisions of the city charter being only authorized to act by and through ordinances, motions, and resolutions passed by said council, and as said city of Houston failed to show any bona fide offer made to appellant for the land sought to be condemned authorized by motion, resolution, or ordinance of the city council authorizing any city official to purchase or offer to purchase said land, the city wholly failed to show that the trial court had jurisdiction to hear and determine this cause; that jurisdictional facts must always be affirmatively proven by the condemnor; and that since such jurisdictional facts were not shown by any probative evidence, the court erred in not dismissing the cause upon the close of the evidence, upon the motion of appellant for such dismissal.

■■ Unquestionably the county court acquired jurisdiction of the condemnation proceedings on the plaintiff's allegation that the parties were unable to agree upon damages. Rabb v. LaFeria Canal Co., 62 Tex. Civ. App. 24, 130 S. W. 916. But after a careful examination of the statement of facts we have been unable to find any probative evidence showing that the parties were unable to agree on damages. In the absence of such proof, the court was without authority to render a judgment for the plaintiff condemning the property sought to be condemned. We therefore hold that the court erred in rendering judgment for the city of Houston condemning the land sought to be condemned.

The city of Houston, in its effort to prove that the city council had made an offer to appellant for the land sought to be condemned and thereby reach an agreement as to damages, offered in evidence the testimony of D. Barker, one of the city commissioners. He testified that he (Barker) offered appellant $3.50 a square foot for the land sought to be taken two or three times and that Isaac refused the offer, stating that he wanted to sell the whole tract; that he (Barker) told appellant that he did not think the council would buy the whole tract, but that he would submit appellant's proposal to sell the whole tract to the council. Testifying further, he said in substance that any offer he made for the land would not be binding on the city unless confirmed by the city council, but that the city council had agreed on a price (such price not being stated). Nowhere does he state that he had any authority to make an agreement with appellant for the purchase of the land sought to be condemned or any other land, nor does he state that he ever offered appellant any named price for the land owned by appellant.

No ordinance, resolution or motion passed by the city council authorizing Barker to make appellant an offer for the property sought to be condemned, or to make an effort to reach an agreement with appellant as to the value of said property, was shown. Barker's testimony was all the evidence offered for the purpose of showing that the city council had made any offer to appellant for his land which had been refused.

By subdivision 1 of article 3264, Revised Civil Statutes 1925, it is provided that when real estate is desired for public use by a city or town, the party desiring to condemn the property, after having failed to agree with the owner of the land as to the amount of damages, shall file a statement in writing with the county judge of the county in which the land is situated; that such statement shall describe the land sought to be condemned, etc., and shall further state that the plaintiff and the owner have been unable to agree upon the value of the land or the damages.

By articles 1206 and 1207, Revised Civil Statutes 1925, it is provided as follows:

"Art. 1206. Condemnation commission.— No property shall be taken without just compensation first made to the owner. If the amount of the compensation can not be agreed upon, the city may condemn said property under the rules governing procedure as provided by law under the title of 'Eminent Domain.'

"Art. 1207. Statutes applicable.—The applicable provisions of the laws relating to eminent domain are made a part of this law, and shall apply to proceedings hereunder, and all parties shall proceed in accordance with and be governed by said articles, unless otherwise herein provided. * * *"

In 16 Texas Jurisprudence, at page 700, it is said: "Inasmuch as condemnation proceedings are special in their character and involve a summary taking of property from the owner, it is a settled rule that they must be conducted in strict accordance with the governing statutes. It follows that comdemnation proceedings in which the statutes have been ignored are wholly void, and when the occasion therefor arises, the court will hold them to be void on its own motion."

In Ryan v. State (Tex. Civ. App.) 21 S.W. (2d) 597, it is said: "The only right of eminent domain and comdemnation proceeding to acquire same is that given by statute. The general rule is that where the cause of action and remedy for its enforcement are derived from the statute, its provisions are mandatory and exclusive and must be complied with or the action is not maintainable."

In 16 Texas Jurisprudence, at page 731, § 117, it is said: "We have already seen that the general condemnation statute requires, as a prerequisite to the institution of proceedings, that the party desiring the property in question make an effort to agree with the owner upon the amount of compensation to be paid. This requirement is also reiterated in many of the statutory grants of power. Its purpose is, of course, to save time and expenses in cases wherein an agreement is possible. While it was said in one case that there is a conflict of authority as to whether a failure of the parties to agree is a condition precedent to the exercise of the power of eminent domain, it seems to be now settled that condemnation may be resorted to only in the event that the parties have been unable to agree after a bona fide effort has been made by the party desiring to acquire the land. It follows that proceedings brought prior to the making of the effort are void as being premature. It should be noted, however, that the statute does not call for the making of any effort by the land owner; his role is merely a passive one. The reason for this is that if any affirmative action were required from him, he could make condemnation impossible by merely failing or refusing to act. The making of the effort to agree and its lack of success must, of course, be pleaded and proved."

In the same volume, at page 816, it is said: "We have already seen that proof of the making of an unsuccessful effort to agree with the owner of the land upon the amount of compensation for the taking thereof prior to initiation of the proceedings is essential. The quantum of proof necessary in this respect would seem to be the same as that required on any other issue. Of course, if no proof at all is offered on this point, the applicant has failed to make out a case, and the court may instruct a verdict for the land owner."

By article VII, section 6, of the Charter of the City of Houston, it is provided as follows: "The council shall act only by ordinance, resolution or motion and all ordinances, resolutions or motions * * * shall be confined to one subject," etc.

In view of what we have said, we do not think that the testimony of witness Barker was sufficient to show that an offer was ever made to appellant for the property sought to be condemned binding upon the city or its council. Such being the case, we think appellant was entitled to a judgment refusing the city's prayer for the condemnation of his property, upon the closing of the evidence.

We do not, however, feel justified in reversing the judgment and dismissing the suit of the city, as upon another trial it may be developed that the offer made by Commissioner Barker to appellant for the land sought to be condemned was made upon proper or lawful authority.

Appellant makes the further contention that if it be conceded that there was any probative evidence tending to show that appellee city made an effort to agree with appellant on the value of his land to be paid by the city, the evidence on such question as a whole was conflicting and a question for the determination of the jury; that under such state of the evidence a finding of the jury on such issue favorable to the city was essential to the city's right to recover; that since such issue was not submitted to the jury, and appellee made no request for the submission of such issue, it waived the issue, and therefore a judgment in its favor was unauthorized.

As we have found that there was no probative evidence showing that any bona fide offer was made to appellant for the land sought to be condemned by any one authorized by the city council of the city of Houston by motion, resolution, or ordinance, a decision of this court of the contention last mentioned becomes unnecessary. However, we think that if we are in error in holding that there was no probative evidence tending to show that any offer was made to appellant for his land by any one authorized to make such offer, still, since appellant had in effect alleged in his answer that appellee had not made an offer to him for his land which he had refused, as a complete defense to the condemnation proceedings it was incumbent upon him to request the submission of such defensive issue, and in the absence of such request he waived the submission of such issue to the jury, if such issue was raised by the evidence.

In Ormsby v. Ratcliffe, 117 Tex. 242, 1 S. W.(2d) 1084, 1085, it is said: "To be sure, an unsubmitted fact issue, consistent with the issue or issues necessary to a recovery, and found by a jury, should be deemed as found by the court in such manner as to support the judgment, if there is evidence to sus-

tain such finding, as provided in the statute, but, as provided in the statute, only in support thereof, and not as a separate and independent finding of facts establishing a cause of action or a defense, and upon which to base a judgment." Again: "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Many authorities are cited in support of such holding.

By subdivision (b), art. 1206, Acts of the 41st Legislature, 1930, 5th Called Sess., page 236, c. 75, § 1 (Vernon's Ann. Civ. St. art. 1206 (b), which was in force at the time the condemnation proceedings in this case were begun, it is provided that the clerk, secretary, or recording officer of the city or the commission itself shall give written notice to the owners of property proposed to be taken or damaged, and to all persons having any interest in or lien upon said property, of a hearing before the commission; that such notice shall be given by publication in a newspaper of general publication in the county in which the property is situated not less than ten days prior to the date of hearing; that such notice shall also be served by delivery to the owners, lienholders, or interested parties, if residents of the county where the property is situated, or their agent or attorney; that the governing body may provide for and cause to be given, in accordance with due process of law, any other and additional notice, but notice by publication shall in all cases be valid and binding, whether other notice is given or not.

By appellant's sixth and seventh propositions it is contended that in order to confer jurisdiction on the court to enter a condemnation decree it must be proved that the notice of the time and place of the hearing to assess damages provided by law was given in accordance with the statutes governing condemnation proceedings, and that as appellee alleged that Joseph Isaac, Sr., was claiming an interest in the property sought to be condemned, and as there is no showing that Joseph Isaac, Sr., or his legal representative, had notice of the time and place set for the purpose of assessing damages to said property, no jurisdiction was conferred upon the court, and therefore the judgment rendered is void.

It will be observed that by neither of the two propositions is it contended that defendants, other than Joseph Isaac, Sr., were not served with the notice mentioned. The complaint is made only that no notice was in any manner served on Joseph Isaac, Sr., or his representatives.

■ Ed. C. Isaac, the only appellant, in the fourth paragraph of his answer alleged that he owned a fee-simple title to 32,-710 square feet of land, which he describes by metes and bounds, which description embraces the land sought to be condemned, and upon the trial he testified that he was such owner. Such pleading and testimony is not disputed by any evidence, and it shows not only that Ed. C. Isaac was the owner of said land, but also that Joseph Isaac, Sr., deceased, owned no interest therein. Such being the case, it was not necessary that the representatives of his estate be served with notice of the hearing on damages to confer jurisdiction upon the court. The representatives of Joseph Isaac, Sr., if any, are not parties to this appeal. Therefore, the failure to serve him or the representatives of his estate with notice of the condemnation proceedings, if error, is one of which the representatives of Joseph Isaac, Sr., only can complain on this appeal, as such error, if any, does not injuriously affect the rights of appellant.

In 3 Texas Jurisprudence, pp. 1026 and 1027, § 728, it is said: "An appellant or plaintiff in error may not complain of errors which do not injuriously affect him, or which merely affects the rights of others, * * * or which affects only his coparties who do not appeal." (Citing numerous authorities.)

Appellee, city of Houston, is satisfied with its judgment, whether jurisdiction was acquired over the representatives of the estate of Joseph Isaac, Sr., deceased, or not. Under the facts shown, we do not think such representatives were necessary parties, and that in the circumstances of this case service of notice of the hearing on damages upon said representatives was not a necessary prerequisite to confer jurisdiction on the court to hear and determine the respective rights of parties properly served with such notice. Ed. C. Isaac, the only appellant, the owner of the land, has judgment for the sum awarded as damages, and we are unable to see how any material injury was suffered by him by reason of the fact that the representatives of the estate of Joseph Isaac, Sr., were not served with the notice mentioned, of which such representatives are not complaining.

By his eighth proposition appellant complains of argument of counsel for appellee, and by his ninth proposition he complains of misconduct of the jury.

We dismiss these complaints without discussion, as the acts complained of will not likely occur upon another trial.

■ By the tenth proposition contention is made that in condemnation suits, where the property involved consists of both land and improvements, the owner of the property is entitled to have separate findings as to the land and as to the improvements; that the trial court refused, upon written request therefor, charges submitting to the jury separate inquiries as to the value of the land and improvements; and that in such refusal the court erred.

548

We. sustain appellant's contention. The only special issue submitted relative to the value of the property involved was as follows: "What was the market value on August 21, 1930, of the defendant's 8,496.35 square feet of land described in plaintiff's petition, together with improvements thereon?"

Appellant requested the court to submit the following two special issues:

"What was the market value of the portion of defendant's land taken, being 8,496.35 sq. ft., on the 21st day of August, 1930?"

"What was the market value of the houses and improvements on the land taken on the date of August 21st, 1930?"

The court erred in refusing to submit to the jury the requested special issues.

By the eleventh proposition appellant contends that the court erred in rendering judgment for appellee for the fee-simple title to the land sought to be condemned.

We overrule such contention. By subdivision 15 of article 1175, Revised Civil Statutes of 1925, it is, among other things, provided: "The power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned."

In 16 Texas Jurisprudence, § 81, pp. 676, 677, among other things, it is said: "There being no constitutional inhibition to the contrary, it is clear that the legislature is fully authorized to provide for the taking of the fee-simple title of land by proper condemnation proceedings. This it has done in numerous instances, particularly in respect of the State and its subdivisions and agencies."

The judgment in this case recites that defendants John Ross, Louis Hoop, and Charles Hoop are owners of liens on a portion of the land condemned, but it fails to adjudge the respective interests of the several lienholders.

Appellant contends that in condemnation proceedings the judgment should state the damages due the owner and lienholders for the property taken or damaged, and should apportion between such parties the amounts payable to each.

We overrule such contention. The trial court was unable from the pleadings and the evidence to determine the respective interests of the lienholders in the land. Angier v. Balser (Tex. Civ. App.) 48 S.W.(2d) 668.

Appellant's propositions 13 and 14 are unfounded by any facts shown and are without merit. They are therefore overruled without further comment.

Appellee was permitted, over the objection of appellant, to show that within the two years next before the trial of the suit in May, 1931, a piece of property on Washington avenue situated between two and three blocks from the Isaac's property was sold for $9,000; that its dimensions were 50x100 feet, and to show that another piece of property with dimensions 80x100 feet on Washington avenue, about three or four blocks from the Isaac's property, sold for $12,000 about two years prior to such trial. Appellant moved the court to strike out such evidence upon the ground that such sales were too remote as to time, as the condemnation proceeding was instituted in August, 1930, and upon the further ground that no similarity of the land or location of such pieces of land was shown to the Isaac's land.

We think the court erred in admitting the evidence.

We have examined appellant's remaining propositions, the sixteenth, seventeenth, and eighteenth, and overrule the same without further comment.

For the several reasons pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.