228

**VEY v. CITY OF FORT WORTH.**
No. 13073.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 25, 1935.

Rehearing Denied March 8, 1935.

C. E. Farmer, of Fort Worth, for plaintiff in error.

R. E. Rouer, Geo. C. Kemble, R. B. Young, Jr., and J. M. Floyd, all of Fort Worth, for defendant in error.

BROWN, Justice.

Defendant in error, city of Fort Worth, brought a condemnation proceeding in county court at law No. 1, of Tarrant county, to take a strip of land from plaintiff in error's

property which abuts on Belknap street, in said city, in order that such street might be widened.

On the 19th day of April, 1933, the city, acting through its duly elected council, passed a resolution declaring that a public necessity existed for widening and improving such street, and that a necessity existed for acquiring plaintiff in error's tract for such purpose. Such resolution authorized and directed the city's attorney to condemn the tract.

On April 22, 1933, the city filed a statement in writing with the judge of the above-named county court, reciting that the city of Fort Worth is a "home rule" city and clothed with authority to exercise the power of eminent domain for the purposes of widening and improving its streets; reciting that plaintiff in error is the owner of the land sought to be condemned; and such statement further alleged that the city council deemed it necessary that Belknap street be widened, and that the acquisition of plaintiff in error's property was necessary for such purpose; that the city and the owner had not been able to agree upon the value of the land, or the damages; "that all acts, conditions, and things required by the laws and Constitution of the state of Texas, and the charter and ordinances of the city of Fort Worth precedent to the making of such improvements have been done, have happened, and have been performed in proper and lawful time, form and manner"; that the city and the owner were unable to agree upon commissioners to assess damages, alleging the value of the property and amount of damages and an offer to pay same, which was refused; and closed with the usual prayer for appointment of commissioners, a decree of condemnation, etc.

The said county court made its order, reciting that the city and the owner had been unable to agree upon commissioners, and appointed three commissioners to assess the value of the land taken and the damages, if any, to the remaining property. The commissioners took oath, proceeded in the discharge of their duties, by getting out written notice of the hearing to be held by them, had same served upon plaintiff in error, held the hearing and made their finding and award in writing to the said county court.

In due time plaintiff in error filed exceptions to the proceedings and the award and asked that the findings and award of the commissioners be set aside and the proceedings dismissed, and in the alternative for a new trial before a jury to recover damages by reason of the taking of his property.

Plaintiff in error filed a lengthy pleading generally demurring and specially excepting to the city's statement in writing that was filed with the judge of said county court, and replying at length to the city's efforts to condemn his property, and elaborating upon his damages.

The city filed many exceptions to plaintiff in error's pleadings, and affirmatively answered same.

Plaintiff in error filed what he designates as his "first supplemental answer," in which he asserts that certain parties named are lienholders interested in the land by reason of the fact that Mrs. Jennie Schosk (from whom he received title) made a will which provides that all her just debts and funeral expenses be paid out of her estate, and asked that the case be continued and these so called lienholders be made parties to the suit. The trial court declined to do this. A further application for a continuance, predicated on the absence of certain witnesses, was likewise overruled.

The case was tried to a jury and three special issues submitted by the trial court, with proper instructions relating thereto, in substance as follows: (1) What was the reasonable cash market value of the 16-foot strip of land condemned? To which the jury found $450; (2) Will the market value of the remaining property, not condemned, be diminished, or increased, or neither diminished nor increased, by condemnation of the 16-foot strip, and its use for highway purposes? To which the jury answered "increased." The answer to the third issue, inquiring as to the damages done the remaining tract, was made unnecessary by reason of the prior findings, under charge of the trial court.

Upon this verdict the trial court rendered judgment that the city recover title to and possession of the strip of land in controversy; that Vey recover judgment against the city for $450 with lawful interest; that a writ of possession issue upon deposit by the city of the amount awarded Vey; and that the city recover its costs.

From this judgment Vey, plaintiff in error, has appealed, and presents sixty assignments of error and thirty-three propositions thereunder. To take these up one by one would unduly lengthen the opinion and serve no useful purpose.

Several of plaintiff in error's propositions are predicated upon the trial court's action in overruling his general demurrer.

Under the authority of article 1175, subd. 15, Rev. Civ. Statutes of 1925, governing "home rule" cities, and sections 1 and 2 of chapter 2 of the charter of the city of Fort Worth, the city had the power to condemn the property for the uses contemplated. Article 3264, Rev. Civ. Statutes of 1925, as amended by the Acts of the 43d Legislature, Second Called Session, chapter 37, page 89 (Vernon's Ann. Civ. St. art. 3264), prescribes the procedure to be followed and the court in which same must be had in such a condemnation proceeding as we have before us.

The city of Fort Worth, through its council, passed a proper resolution declaring a necessity for widening its streets and acquiring plaintiff in error's property for such purpose, and filed its statement in the proper court, setting forth all facts showing the necessity for the appointment of commissioners to make a proper award as between the city and the landowners.

■ The right to proceed with the condemnation of plaintiff in error's strip of land was clearly shown in the pleadings before the trial court, and plaintiff in error's general demurrer was not well taken.

The entire proceedings were had under the provisions of title 52, Rev. Civ. Statutes (article 3264 et seq., as amended [Vernon's Ann. Civ. St. art. 3264 et seq.]), governing the right of eminent domain, and the home rule charter of the city. Johnston v. Galveston Co. (Tex. Civ. App.) 85 S. W. 511; G., C. & S. F. Ry. v. Ft. W. & R. G. Ry., 86 Tex. 537, 26 S. W. 54; McInnis v. Brown County Water Imp. Dist. No. 1 (Tex. Civ. App.) 41 S.W.(2d) 741.

■ Plaintiff in error assigns as error the admission in evidence of the application for condemnation, the resolution passed by the city council, the order of the county court appointing commissioners, their oath, the notice of hearing issued by them and served upon plaintiff in error, the award, and plaintiff in error's exceptions and prayer for a trial before a jury.

It appears from plaintiff in error's brief that he objected to these matters of record on the theory that the condemnor has not followed the procedure provided for in chapter 17, title 28, Rev. Civ. Statutes of 1925 (article 1201 et seq., as amended [Vernon's Ann. Civ. St. art. 1201 et seq.]). The proceedings were had under the provisions of title 52, Rev. Civ. Statutes of 1925 (article 3264 et seq.), as amended by the 43d Legislature (Vernon's Ann. Civ. St. art. 3264 et seq.). There was no error in admitting the evidence, and

its admission was necessary to show jurisdiction in the trial court. The proceedings before the commissioners were regular.

■■ Plaintiff in error asserts that it was incumbent upon the city to allege and prove that a bona fide offer was made to him by one having authority to make the offer, and that no agreement could be reached by the parties; that this was not done, and the city failed to show any right to proceed in its condemnation efforts.

The undisputed facts show that the city's land agent, employed for the purpose of acquiring the land in question, and other needed tracts, made plaintiff in error an offer, which was refused; but the record further shows that any offer made was useless. Furthermore, plaintiff in error attempted to raise such issue of fact in bar of the city's right to further proceed, and it became his duty, under the allegations of his pleading and the city's, to require the submission of such issue to the jury, unless he desired to waive it. No issue was tendered by plaintiff in error. Isaacs v. City of Houston (Tex. Civ. App.) 60 S.W.(2d) 543; T. & N. O. Ry. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944.

■ All assignments of error addressed to the court's charge must fall, because it appears from the record that all of the objections to the charge are as follows: (1) (In substance) The court should instruct the jury by issue whether or not plaintiff had complied with the law showing its right to condemn the property; (2) (in substance) the court should submit the issue of whether or not the plaintiff had strictly complied with the laws of Texas and the city charter.

We are of the opinion that these objections neither point out error in the charge, nor do they advise the trial court of any specific issues plaintiff in error desired submitted.

■ The remaining objection is: "That the instruction to the jury for its guidance in reference to Special Issue No. 1 is confusing, misleading, vague, indefinite and improper."

Issue No. 1 was addressed to the reasonable cash market value of the strip sought to be condemned. The language complained of is: "In this connection you are instructed that by market value as used in the foregoing issue, and such other issues as may be submitted to you, is meant its value for any purpose for which it was used when condemned, and also its value for any other purpose, if any, for which it was adapted, and is the price it will bring in cash when offered for sale by one who desires to sell, but is not ob-

liged to do so, and is sought by one who desires to buy, but is under no necessity of having it, taking into consideration a reasonable length of time for the sale of the same. In arriving at the market value of the land mentioned in the above question, you will leave out of consideration altogether the new highway, the new viaduct and any fact pertaining thereto."

If it can be properly said that the quoted objections are sufficient to point out to the trial court that the language used is confusing, or misleading, or vague, or indefinite, or improper, and if the charge was subject to such criticism, which we are not prepared to hold, nevertheless, we are of the opinion that the charge correctly advises the jury as to what is the market value, and fully protects plaintiff in error as to value based upon the use to which it was put, when condemned, and any other use to which it may be found to be adapted; and the trial court, desiring to have the jury give the full value of the land taken, properly advised that no consideration be given to the new improvements that were to be built adjacent to the property. We think the charge is not subject to any criticism made.

The complaint that certain alleged lienholders were not made parties to the suit is not well taken. Plaintiff in error has not been injured by these persons not being before the court in this proceeding. Isaacs v. City of Houston (Tex. Civ. App.) 60 S.W.(2d) 543.

It cannot be seriously contended that the city of Fort Worth is without power to condemn plaintiff in error's property for the purposes shown. The statutes cited and the provisions of the city's charter furnish ample power for such purpose, and such contention is not sound. The authorities cited by plaintiff in error—Hall v. Wilbarger County (Tex. Civ. App.) 37 S.W.(2d) 1041, and Wilbarger County v. Hall (Tex. Com. App.) 55 S.W.(2d) 797,—are not in point. That suit involved the act enabling the state highway commission to condemn private property for a state highway system. Acts of 39th Legislature, chapter 186, and as amended by the Acts of the 41st Legislature (3d Called Session) chapter 10.

Plaintiff in error cannot seriously contend that the trial court erred in decreeing title in the city, nor can he question the source from which the funds came, with which he is to be paid for his land. The city has control over its streets even though they become a part of the state highway system, and of a national highway system, and may take funds, which it receives lawfully, and pay for land taken for street purposes. Johnson v. Galveston Co. (Tex. Civ. App.) 85 S. W. 511; Lone Star Gas Co. v. City of Fort Worth (Tex. Civ. App.) 68 S.W.(2d) 605.

The complaint that plaintiff in error's motion for a continuance was overruled falls with the qualification found on his bill of exceptions. He was not injured by being forced to trial and his witnesses testified to every fact raised by him.

We have examined the record and considered all assignments of error, and are of the opinion that they should be overruled.

The judgment of the trial court is affirmed.