## CITY OF HOUSTON v. DERBY et ux.
### No. 12023.

Court of Civil Appeals of Texas. Galveston. Dec. 2, 1948.

Rehearing Denied Dec. 23, 1948.

Will Sears, City Atty., and W. W. Moore, Jr., and Joe Johnson, Asst. City Attys., all of Houston, for appellant.

C. M. Hightower and Thomas B. Weatherly, both of Houston (Vinson, Elkins,

Weems & Francis, of Houston, of counsel), for appellee.

CODY, Justice.

This was a condemnation proceeding brought by appellant, City of Houston, to acquire a portion of appellees' land for the laying out of Interurban Boulevard, better known as the Galveston-Houston Expressway. Appellees duly filed their opposition to the award of the Special Commissioners, and the appellant proceeded in the County Court at Law of Harris County, alleging among other things that it had been unable to agree with appellees, the owners of the property, upon the value of the land or the damages, and that this proceeding is brought under Title 52 of the Revised Civil Statutes of the State of Texas, Chapter 17 of Title 28 of said Statutes, Vernon's Ann.Civ.St. arts. 3264 et seq., 1201 et seq., the Charter of the City of Houston, and all other pertinent provisions of law.

In a trial to a jury, the market value of the land taken was assessed at $11,162.31, and it was found that no damages resulted to appellees' land which was not taken. From the Court's judgment awarding appellees the aforesaid sum of $11,162.31, this appeal is prosecuted.

For the purpose of this appeal, we deem the following to be a sufficient statement of facts:

In the latter part of 1947, Luther M. Nisbet, right of way agent in the Land Acquisition Division, acting solely upon the instructions of W. H. Bobbitt, Superintendent of said Division (who in turn was acting upon orders of the Public Works Department of the City of Houston), made several trips to see appellees at their residence, which was on a part of the tract here involved, for the purpose of negotiating with appellees to get the property here involved for the City. On October 6, 1947, he and appellees signed an agreement, which in part reads as follows:

"The undersigned owner or owners agree to sell the following land to the City of Houston upon the terms shown in this agreement.

"Interurban Super-highway
_____ Project

16,145 sq. ft. off the southerly side of Lot 11 of the F. J. DeMeritt Subdivision

" * * * *
 * * * *
 * * * *

"Price: $4843.50 Land
         250.00 Trees
        1906.50 Improvements
        _____
        7000.00

(Subject to City Council Approval)
" * * * *
 * * * *
 * * * * "

The instrument was executed by Mr. Nisbet as "agent," and by appellees.

On October 29, 1947, appellee, H. L. Derby sent the following letter to Mr. Nisbet:

"Houston, Texas
"October 29, 1947

"Mr. Luther M. Nisbet, Agent
"Land Acquisition Department
"City Hall
"Houston, Texas

"Dear Sir:

"I have the information that I have not received the full land value on the 16145 square feet of Lot 11 of F. J. Demeritt sub-division to be acquired for the purpose of Super Highway.

"Your offer of $7,000.00 subject to the approval of the City Council is rejected.

"Yours truly,

"H. L. Derby
"6615 Urban Street."

On the day the case was tried, appellees filed a motion requesting the court to instruct counsel for the City not to mention in the proceedings before the jury in any way or elicit the fact that the aforesaid offer of $7000 had been made by appellees to the City. The court sustained this motion, and his rulings throughout the proceedings were consistent with his action on the motion, and the City was unable to get before the jury the offer made by appellees.

At the time that appellees signed the agreement referred to, the City Council of

Houston had never passed any ordinance, resolution or motion directing the acquisition of the land in question for public use, and, as indicated, in negotiating with appellees, Mr. Nisbet was acting under the instructions referred to above.

Appellant predicates its appeal upon three points, namely,

I. The agreement signed by the appellees offering to accept $7000.00 for the land taken by appellant was an admission against interest as to the value of such land and was not an offer of compromise.

II. The court erred in refusing to allow appellant to examine appellee H. L. Derby as to the execution of the said agreement and in excluding his testimony that his wife, appellee Alma Derby, had agreed to accept $7000 for the land.

III. The court erred in refusing to permit the appellant to examine the witness Nisbet as to the circumstances surrounding the signing of the agreement by the appellees, and in excluding his testimony.

▆▆▆▆ Appellant's three points complain in one way or another of the exclusion of the evidence of the agreement which appellees signed with Nisbet, not because the agreement had been accepted by the appellant before it was withdrawn and thus had become a contract, but because it was an admission against interest. We overrule the points.

The contention of the City made on this appeal comes to this: That where the appellees, during the negotiations instituted by the City to acquire their land, made an offer to sell the land for $7000 which was not accepted by the City, such offer was an admission against their interest that their land was worth only $7000, and that it was reversible error for the court not to admit, on the condemnation proceedings, evidence that appellees had offered the land to the City for $7000.00 during the negotiations prior to the condemnation proceedings. The point has not been raised in Texas before.

Except for Section 17 of the Texas Bill of Rights, Art. I, of the Texas Constitution, Vernon's Ann. St., the State would have the right to take private prop-

erty for a public use without compensating the owner therefor. But the provision referred to forbids such a taking without adequate compensation being made, and further provides that when taken, except for the use of the State, such compensation shall first be made or secured by a deposit of money. The exercise of such a necessary power, but one which could be exercised very oppressively, ought to be, and is, very strictly regulated. The provisions of Title 52 (Arts. 3264–3271) R.C.S. cover the subject of eminent domain. The first section of Art. 3264 provides in effect that the party desiring to condemn private property for a public purpose can institute proceedings of condemnation only after having failed to agree with the owner on the value of the land or the amount of the damages. In order for the City to vest the county court with jurisdiction to condemn appellees' land, it had to first allege, and then during the proceedings prove, that it had failed to agree with the appellees on the value of their land to be taken. Isaac v. City of Houston, Tex.Civ.App., 60 S.W. 2d 543.

The trial court was of the opinion that the offer made by appellees to sell the land in question to the City, was an offer made by the owners during the negotiations which the law requires as a condition precedent to the right of the City to institute condemnation proceedings, and that the offer of appellees to sell their land to the City was a compromise offer, and hence, that evidence of it was not admissible in the condemnation proceedings over their objection. There is very respectable authority from other states, where the point has been raised, which supports his view. See St. Louis and K. C. R. Co. v. Eby, 152 Mo. 606, 54 S.W. 472; Chicago E. & L. S. Ry. Co. v. Catholic Bishop of Chicago, 119 Ill. 525, 10 N.E. 372; Indianapolis Northern Traction v. Dunn, 37 Ind.App. 248, 76 N.E. 269. No cases have been cited from other jurisdictions which hold that evidence of the prices offered during the negotiations, which are required to be held as a condition precedent to the institution of condemnation proceedings, are admissible, to the prejudice of the party making

same, on the hearing in the condemnation proceedings.

▉▉▉ Whether or not offers by owners of property to sell their property to a party desiring to acquire it (where the offeree has the power to condemn the property if it does not accept the offer of the owners) are offers to compromise a dispute in the strict sense of the word, need not be decided. It is the evident intention of the law that the parties shall have the fullest freedom to negotiate prior to the institution of condemnation proceedings to the end that they may agree on the price. Unless such negotiations were without prejudice, there could not be such freedom. The party, having the power to condemn the land if the owner does not make an offer which is satisfactory to it, is in a class to itself. This is too obvious to require a lengthy demonstration. The same reason for excluding evidence of compromise offers in ordinary cases requires the exclusion of evidence of offers made during the negotiations which are required to be conducted prior to the institution of condemnation proceedings, namely, that unnecessary litigation may be obviated. Besides, the provisions of Title 52 regulating the exercise of the right of eminent domain is a complete system in itself. R.C.S. Art. 3267 shows that the law has provided the effect which shall be given offers made prior to the institution of condemnation proceedings. The only purpose for which the sums offered during negotiations can be looked to is to determine how the costs shall be cast.

The judgment must be affirmed, and it is so ordered.

Affirmed.

On Appellant's Motion for Rehearing.

Appellant strongly objects to the summation made in our original opinion of the point which is before us for decision. It strongly insists that under our holding in Isaac v. City of Houston, Tex.Civ.App., 60 S.W.2d 543, it could not be held that the offer to sell the property for $7000, made by appellees to City's agent Nisbet, was made during the negotiations instituted by the City to acquire the land because the City had never passed any ordinance, resolution or motion directing the acquisition of the land by the City for a public purpose. And in that connection appellant cites additionally the case of Kaufman v. Pittsburgh, C. & W. R. Co., 210 Pa. 440, 60 A. 2.

▉▉▉ We refrained in the original opinion from discussing the obvious advantage which a corporation, having the power of condemnation, has in acquiring land from an owner, over other prospective purchasers. An offer which is made to a prospective purchaser, which does not have the power of condemnation, can be withdrawn by the offerer because the offerer considers it too low without any possible prejudice to the offerer. It was certainly not intended by the condemnation law to invest a corporation, or arm of the State having power of eminent domain, with the power to obtain an offer of sale to be used to the prejudice of a land owner in beating down the price. The offer made by appellees to sell the property to the City for $7000 was not an offer made by them to sell the property to some third party. It was an offer to sell the property to the City to be used for a public purpose, one for which the City subsequently condemned it. It was withdrawn before acted on. We cannot hold that it was independent of the condemnation proceedings which were instituted when said offer was withdrawn. The protection which the law has erected for the benefit of the citizen as against the exercise of the power of condemnation should be liberally construed. Stated otherwise, the power of eminent domain must be strictly construed against those corporations and arms of the State vested therewith. Our holding in this case is not contrary to our holding in Isaac v. City of Houston, supra. So far as we understand the evidence, the fact that appellees withdrew their offer of $7000 resulted in the condemnation proceedings.

The motion for rehearing is refused.