Walter E. GUSTAFSON and Florence E. Gustafson, Appellants,

v.

IOWA POWER & LIGHT COMPANY, Appellee.

No. 54151.

Supreme Court of Iowa.

Jan. 19, 1971.

Robert D. Hall, Des Moines, for appellants.

B. A. Webster, Des Moines, for appellee.

UHLENHOPP, Justice.

The question presented by this appeal is whether the trial court rightly rejected evidence of an offer which a condemnor made to condemnees relative to property involved in a condemnation.

In the spring of 1967, plaintiffs bought 5.45 acres of land for $10,000. Adjoining that acreage on the west is land of Highland Memorial Gardens, a cemetery. Also in the spring of 1967, defendant was con-templating construction of an east-west high voltage electric transmission line which would overhang the back of the plaintiffs' acreage and the adjoining land of Highland Memorial Gardens.

Confronted with the onerous task of condemning across the back of the cemetery (as well as across the back of plaintiffs' acreage), defendant desired to purchase plaintiffs' acreage and to trade it to the cemetery in exchange for the transmission line easement across the back of both parcels. Defendant had not yet obtained a certificate of convenience and necessity, but its right-of-way men were in the field acquiring easements. Subsequently, defendant did obtain the certificate.

A few months after plaintiffs acquired their acreage, O. G. Powell approached them on defendant's behalf about purchasing the acreage, in order to effect the exchange with the cemetery. The witnesses are not in agreement as to exactly what was said in the conversations between Powell and plaintiffs, nor is the nature of Powell's authority from defendant clear. For purposes of this appeal, however, we may assume Powell had authority to make plaintiffs a firm offer to purchase. We may also assume plaintiff Walter E. Gustafson's "understanding" is the fact that Mr. Powell offered plaintiffs $20,000, later $30,000, and still later $35,000—the latter, however, subject to defendant's approval —but that plaintiffs held out for $37,500.

Negotiations between plaintiffs and defendant broke down. In the subsequent eminent domain proceedings involving plaintiffs' acreage, plaintiffs were dissatisfied with the award of the sheriff's jury and appealed to the district court.

In district court defendant made a motion in limine to exclude mention on trial of the claimed offers to plaintiffs by Mr. Powell. The trial court conducted a hearing on the motion and held: "It is the ruling of the Court that the defendant's Motion in Limine should be sustained, viewing the evidence presented in the light most fa-

vorable to the plaintiffs, these offers were made in the course of negotiations, if they come up to the standard of offers, in an effort to compromise * * * and certainly shouldn't be relied on to fix the value."

■ The case was tried and the jury found plaintiffs' damages to be $2,000 on account of the easement across the back of their acreage. Plaintiffs appeal to this court, contending the trial court should have permitted them to show the claimed offers by Mr. Powell. In view of the previous evidentiary proof of Mr. Powell's claimed offers and since nothing occurred on the trial changing the admissibility or inadmissibility of those offers, plaintiffs were not required to make a further offer of proof on trial to preserve the claimed error in the ruling on the motion in limine.

■ We think the trial court was right. True, at the time of the claimed offers defendant had not yet secured a certificate of convenience and necessity. But a certificate was to be obtained, and defendant did obtain it in due course. Defendant was not simply out buying land. True too, the offer to purchase was for the whole acreage while the condemnation was only of an easement. But defendant was not trying to buy the acreage to have an acreage. It was trying to acquire an easement. This was not a case of a willing buyer and seller free of compulsion to buy or sell, which is necessary in order to show market value; the transmission line was to run across the back of these two parcels and defendant had to acquire easements there. A condemnee may not prove what a condemnor paid others. Socony Vacuum Oil Co. v. State, 170 N.W.2d 378 (Iowa). By the same token, as between the condemnor and the condemnee, ordinarily "An offer to purchase land at a certain price, made by the party which subsequently took

it by eminent domain, is inadmissible to show market value. It does not presuppose a willing seller and a willing buyer, but is based upon the price which a corporation, intending to take the land at all events, is willing to pay to avoid the expense of litigation and the chance of an excessive verdict from an unsympathetic jury." 5 Nichols, Eminent Domain, § 21.4 [1] at 21–115–16 (3rd ed.) This principle was applied in United States v. Certain Parcels of Land, 63 F.Supp. 175 (S.D.Cal.) (offer of $1,500 per month to use bridge); Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; Darien & W. R. R. v. McKay, 132 Ga. 672, 673, 64 S.E. 785–786 ("proposals of the parties, and their declination, pending a prior unsuccessful negotiation of settlement of the damages, are immaterial"); Upton v. South Reading Branch R. R., 8 Cush. 600, 62 Mass. 600, 601 ("evidence offered by the petitioners, to show that the respondents had made a certain offer to them for their damages, was properly rejected"); Metropolitan Street Ry. v. Walsh, 197 Mo. 392, 414, 94 S.W. 860, 867 ("nor was it competent to go into details of the negotiation for the purchase of the property and show different amounts offered to the respondent for it"); St. Louis & K. C. Ry. v. Eby, 152 Mo. 606, 54 S.W. 472; Chicago, S. F. & C. Ry. v. McGrew, 104 Mo. 282, 15 S.W. 931; Siegfried v. Charlottesville, 206 Va. 271, 277, 142 S.E. 2d 556, 560 ("It is well settled that offers made by the condemning party to the landowner are in the nature of an attempt to compromise and cannot be proved"); Duncan v. State Highway Comm., 142 Va. 135, 128 S.E. 546. See also Annotation, 84 L. Ed. 248, 252–254. Cf. Miller v. Iowa Electric Light & Power Co., 239 Iowa 1257, 34 N.W.2d 627 (price at which condemnee offered to sell is inadmissible).

Affirmed.

All Justices concur.